# Richmond.

## HOBSON v. HOBSON AND OTHERS.

### March 12, 1902.

1. APPEAL AND ERROR—*Jurisdiction.*—Whenever it appears that this court has no jurisdiction of an appeal it will be dismissed, although no objection was made on that account at the hearing.

2. APPEAL AND ERROR—*Interlocutory Orders—Amendment of Pleadings—Code, Sec. 3454.*—No appeal lies to an interlocutory order granting or refusing amendments to pleadings until there has been a final decree, except as otherwise provided by statute. The case in judgment is not within any of the exceptions provided for by section 3454 of the Code.

Appeal from a decree of the Circuit Court of Powhatan county, pronounced April 18, 1901, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Appeal dismissed.*

The opinion states the case.

*Edward S. Brown,* for the appellant.

*T. M. Miller, R. G. Southall* and *W. H. Mann,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal from an order sustaining a demurrer to an amended bill filed at rules, and dismissing the same upon the ground that it makes an entirely new case, inconsistent with and repugnant to the case stated in the original bill.

The first question to be considered is whether or not an appeal lies from such an order. If it does not, although no objection was made at the hearing upon that ground, this court has no jurisdiction, and the appeal must be dismissed as improvidently awarded. *Merchant, &c., v. Healy*, 94 Va 614.

The general rule is that an appeal or writ of error does not lie from an interlocutory order, allowing or refusing amendments to the pleadings until there has been a final decree or judgment, except where the statute otherwise provides. See *Gillespie* v. *Coleman*, 98 Va. 27; *Lancaster* v. *Lancaster*, 86 Va. 201; *Elder* v. *Harris*, 75 Va. 68.

Our statute, section 3454 of the Code, provides that a party to a chancery cause in which there is a decree or order dissolving an injunction, or requiring money to be paid, or the possession or title of property to be changed, or adjudicating the principles of the case, or in which there is a final decree or order, may present a petition for an appeal. The order appealed from is not a final decree. The original proceedings are still pending, may be revived against the representatives of the deceased parties, and proceeded with as if the amended bill had never been filed. It is not an order dissolving an injunction, or requiring money to be paid, or the possession or title of property to be changed; neither does it adjudicate the principles of the case. It is a mere refusal of the court to allow the pleadings to be amended in the manner attempted by the amended bill, and settles none of the questions involved in the original proceedings.

It is clearly not an appealable order. The appeal must therefore be dismissed as improvidently awarded.

*Appeal dismissed.*