## Wytheville.

HOBSON'S ADMINISTRATOR v. HOBSON'S ADMINISTRATOR AND OTHERS.

June 14, 1906.

1. RES JUDICATA—*Dismissal of Appeal Improvidently Awarded.*—The dismissal of an appeal from an interlocutory decree, not deciding the merits of the case, but simply refusing to permit pleading to be amended, on the ground that the appeal was improvidently awarded, is in no sense an affirmance of said decree, but leaves open the question therein decided.

2. EQUITY—*Amendments—Lien Creditor's Bill—Amendment Charging Fraud Between Defendants.*—Where a bill is filed to subject the land of two defendants to the payment of judgments for which they are jointly liable, and it is subsequently discovered that one of them, after complainant's debt was contracted, had conveyed his land to the other for the purpose of defrauding his creditors, the complainant may so amend his bill as to put in issue the *bona fides* of the transaction, and enable the court to do complete justice in the cause. This is not a new case repugnant to that stated in the original bill.

Appeal from decrees in chancery of the Circuit Court of Powhatan county. Decrees in favor of defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Edward S. Brown,* for the appellant.

*Conway R. Sands, Eugene C. Massie, R. G. Southall,* and *Joseph P. Sadler,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This is the second appeal from decrees of the Circuit Court. of Powhatan ‛county in this cause, the first being from a decree· of April 18, 1901, when this court held that the decree did not come within the scope of section 3454 of the Code, and dismissed the appeal as improvidently awarded. *Hobson* v. *Hobson,* 100 Va. 216, 40 S. E. 899.

John H. Hobson owned a tract of 552 acres of land in Pow-- hatan county, and plantation tools, vehicles, horses, cattle, etc., such as are usually found on farms in that county. His son, B. A. Hobson, an only child, had lived with his father all his. life, and owned no property of any kind. The father was an old man and ‛a widower, while the son was a young man with a. wife and five children, and the two lived together on the said farm.

The father had given deeds of trust on his personal property to secure some of his debts, and another deed of trust upon all crops of the year 1896 grown on the farm, farming implements, horses, cattle, etc., and all household and kitchen furniture— in fact, everything on the said tract of land. All of this personal property of John H. Hobson seems to have been disposed of as early as 1896 to pay the debts provided for in the deeds of trust mentioned, leaving unpaid debts due from John H. Hobson, amounting to several thousand dollars, and from B. A. Hobson, amounting to nearly as much; some of these· debts being against the former alone, some against the latter· alone, and some against both of them, and the tract of land above mentioned, worth $2,208.00, was the only resource for· the payment of any of these debts.

On the 17th day of October, 1896, the appellant, H. K. Adams, sheriff of Cumberland county, and as such, adminis–

trator of William T. Hobson, deceased, obtained joint judgments against John H. Hobson and B. A. Hobson, upon which executions were issued to and returned by the sheriff of Powhatan county, "No effects known to me." September 20, 1897, the appellant instituted two equity suits in the circuit court of said county, the object of each being the enforcement of the payment of the said judgments, the suits being lien creditors' suits, and for general relief on behalf of the complainant and all other lien creditors of John H. Hobson and B. A. Hobson. In one it was sought to reach the real estate, if any, of John H. Hobson, and in the other the real estate of B. A. Hobson, supposed to be at that time the rightful owner of the 552-acre tract of land.

These suits were matured at rules and set for hearing, there being no answer, or demurrer, plea or appearance to either of them, and they were united and heard together.

In February, 1899, John H. Hobson died, and on the 3d of September, 1900, B. A. Hobson died. After this appellant and those for whose benefit these suits were instituted learned for the first time, as they fully explain in the record, that John H. Hobson had, on the 28th day of May, 1896, gone to the court house of Amelia county and there executed and acknowledged before a justice of the peace, a near kinsman of the grantor's family, a deed conveying to his son, B. A. Hobson, his said tract of 552 acres of land, setting forth that his son had paid him $3,300 for it, which deed was kept secret till September 15, 1896, when it, together with two other deeds from John H. and B. A. Hobson to secure certain creditors of John H. Hobson, and conveying for that purpose all standing timber, all crops and other personal property then upon said tract of land, was put to record in the clerk's office of Powhatan county.

Upon these and other facts coming to the knowledge of those

interested in the recovery in the suits originally instituted by
appellant, none of whom resided in Powhatan county, and some
of whom were non-residents of the State, they employed other
counsel in the cause to file an amended bill and bill of revivor,.
charging directly that the deed of May 28, 1896, from the
father to the son, was voluntary, fraudulent and void as to the
creditors of the father. This amended bill and bill of revivor
was filled by appellant on December 3, 1900, as a general credi-
tors' bill and praying general relief, to wind up the estates of
John H. and B. A. Hobson, making the administrators, the
heirs and other creditors of both the father and the son parties
defendant, setting forth the debts and the priority of the debts
of the father, and the debts and the priority of the debts of the
son, and charging that the deed of May 28, 1896, was volun-
tary, fraudulent and void as to the father's creditors, and made
with the intent to defeat the father's creditors and to give a
homestead exemption to the son and dower rights in the land
conveyed to the son's wife, etc.; and documentary evidence was
filed, as exhibits, with the bill and as parts thereof, to prove
the facts therein alleged.

Anne R. Frayser, guardian, and her infant son, by his guar-
dian *ad litem,* answered the bill setting forth a judgment ob-
tained against John H. Hobson alone, for the infant's money
that he had borrowed, and asked "that all his legal and equi-
table rights shall be strictly enforced." The widow of B. A. Hob-
son, deceased, and his infant children, by their guardian *ad litem,*
also answered the bill, claiming that the deed of May 28, 1896,.
from John H. Hobson to B. A. Hobson was made for a valu-
able consideration, but as to how the consideration was paid
they confessedly could not positively state, though they do un-
dertake to state reasons for believing that it had been paid.
They also pleaded *laches,* on the ground that the amended bill

and bill of revivor was not filed until after the death of both John H. and B. A. Hobson; but this defense was afterwards withdrawn, and they demurred to the bill.

Upon the amended bill and bill of revivor, a general replication to the answers thereto, and joinder in the demurrers, the cause was heard on April 18, 1901, and the decree made from which the appeal was taken in *Hobson* v. *Hobson, supra.*

This court having held that the decree of April 18, 1901, was not an appealable decree, when the cause went back to the circuit court, appellant moved the court to set aside the dismissal of the amended bill and bill of revivor, and to hear the cause on "the answers thereto as well as the demurrers, and that the principles of the cause be adjudicated as well as the demurrers"; but the motion was overruled, and thereupon appellant united with said Anne R. Frayser, guardian and next friend of her infant son, in an original bill, in the nature of a bill of revivor, against the administrators and heirs, and other creditors of John H. and B. A. Hobson, to wind up the estates of these deceased debtors, charging, in addition to the legal and equitable rights of appellant enforcible in the cause, that the judgment asserted by Anne R. Frayser, guardian and next friend of her infant son, was against John H. Hobson alone for the infant's money, which he had borrowed; that the deed of May 28, 1896, tended to defeat the infant's claim wholly, and that the deed was voluntary, fraudulent and void as to this debt, filing documentary evidence as exhibits with the bill and as parts thereof, to prove the allegations therein.

Again the defendants interposed a demurrer on the ground that this bill made an entirely new case, and by its decree of October 18, 1902, the court sustained the demurrer, holding that it "states an entirely new cause of action, which is an inconsistent and repugnant case," and dismissed it.

Every effort was made by appellant to have his case heard upon its merits, and to have an adjudication as to whether or not the deed of May 28, 1896, was fraudulent and void as to the creditors of John H. Hobson, the grantor, but these efforts were successfully met at every turn with the suggestion of "a new case." Finally, after accounts of the debts asserted in the cause had been ordered, but the commissioner directed "not to state anything in conflict with the ruling of the court in the former decrees," and after the court had appointed commissioners and ordered them to assign to the widow of B. A. Hobson one-third of the tract of 552 acres of land conveyed in the deed of May 28, 1896, alleged to be fraudulent, as her dower, although she had not asked for an assignment of dower and no party to the cause had asked it, the county of Powhatan, by reason of changes made by the new Constitution, fell into another judicial circuit; thereupon appellant and Anne R. Frayser, guardian and next friend of her infant son, still seeking the relief to which they believed themselves entitled, filed a petition for rehearing, on the ground of error of law apparent on the face of the decree theretofore entered in the cause. On November 12, 1904, the cause was again heard on the papers formerly read and on said petition for rehearing, with a demurrer thereto, on the ground that it "sets up an entirely new case, entirely antagonistic to, and contradictory of, the original bill"; whereupon the demurrer was sustained, and the petition dismissed.

On the 9th of February, 1905, the last of the decrees in the cause complained of was made, confirming the assignment to the widow of B. A. Hobson of one-third of the tract of 552 acres of land, and decreeing that she take title "with metes and bounds set forth in plat filed with report of commissioners, including the buildings thereon, as her dower."

The appeal now before us brings under review the decrees mentioned, the last named being clearly an appealable decree under section 3454 of the Code.

It is not necessary that we consider in detail the several errors assigned in the petition for the appeal, nor review at length the decrees complained of, since, in the view we take of the case, all other errors committed by the court below flow from the initial error in prohibiting appellant, as a creditor of John H. Hobson from putting in issue by his amended bill and bill of revivor, dismissed on demurrer by the decree of April 18, 1901, the *bona fides* of the deed from the said John H. Hobson to his son of May 28, 1896. While that was an interlocutory decree from which an appeal did not lie, the dismissal of the appeal therefrom as improvidently awarded was in no sense an affirmance of the decree, as seems to have been considered by the court below, inasmuch as appellant has at all stages of the case been denied the right to put in issue and have considered and decided the *bona fides* of the deed of May 28, 1896. In other words, he has not been able at any time to have a hearing of his case upon its merits, but has been met at every turn with a demurrer, on the ground that his amended pleading, alleging that the deed of May 28, 1896, was voluntary, fraudulent and void as to the creditors of John H. Hobson, made a new case antagonistic to, and contradictory of, the original bill. That such an amendment in a case like this is permissible seems now too well settled to admit of discussion.

In *Kinney* v. *Craig,* 103 Va. 158, 48 S. E. 864, all of the cases decided by this court, and other authorities bearing upon the question, are reviewed. There the original bill was to enforce a vendor's lien on land, the complainants relying upon the land on which their lien rested as sufficient to satisfy their demand; but it turned out that this was not the case, and they sought by amendment of their original bill to put in issue the

*bona fides* of a deed made by their debtor for the benefit of his children, and to subject the property thereby conveyed, which he owned when the debt asserted was contracted, to the payment of this debt, and it was held that the refusal of the circuit court to allow the original bill to be so amended was error.

In the case at bar the object of the original bill filed by appellant was to enforce the payment of judgments for which John H. and B. A. Hobson were jointly liable, rendered for debts contracted prior to May 28, 1896, and to that end to subject the real estate owned by each; but it turned out that the only real estate owned by either was the tract of 552 acres of land conveyed by John H. Hobson to B. A. Hobson, May 28, 1896, recorded in September following, though not known of by appellant until long after the filing of his original bill, and being then advised that this deed was voluntary, fraudulent and void, and made with intent to hinder, delay and defraud the creditors of the grantor, the purpose of his amended bill and bill of revivor, dismissed on demurrer by the decree of April 18, 1901, complained of, and of other amendments to the original bills thereafter tendered, was to put the *bona fides* of that transaction in issue. The amendments offered made no change of parties, except to bring before the court the administrators and heirs of John H. and B. A. Hobson, both of whom had died after the original bills in the cause were filed, and only brought forward material facts omitted from the original bills, to enable the court to do complete justice in the cause. It is not pretended that appellant could not at that time, by an original bill, have attacked the deed in question on the ground of actual fraud, and it is inconceivable that the defendants to the amended bill offered by him could have been prejudiced by having to meet the issue made by the amendment offered instead of on an original bill. Neither upon reason or authority should the appellant have been denied the right to so amend the plead-

ings in the cause as to put in issue the *bona fides* and validity of the deed of May 28, 1896. *Kinney* v. *Craig, supra,* and authorities there cited.

It follows that we are of opinion that the said decree of April 18, 1901, and all other decrees following it, which denied to appellant the right to have heard and determined in this cause the question whether or not the deed from John H. Hobson to his son, B. A. Hobson, of May 28, 1896, was voluntary, fraudulent and void as to appellant and other creditors of said John H. Hobson, and the decree of the 9th of February, 1905, confirming the assignment to the widow of B. A. Hobson, deceased, of one-third of the 552 acres of land conveyed in the said deed of May 28, 1896, as her dower, should be reversed and annulled, and the cause remanded to the circuit court for further proceedings therein, to be had in accordance with the views expressed in this opinion.

*Reversed.*