## LOCKRIDGE

### *v.*

## LOCKRIDGE.

*(Supreme ·Court of Appeals of Virginia, Oct. 7, 1874.)*

**Pleading and Practice—Process and Return—Waiver of Irregularities.**

By appearing and pleading to the action the defendant waives all irregularities in the process and return.

**Appellate Practice—Waiver of Irregularities of Return.**

Where the defendant appears and pleads and the issue thus made is tried by a jury, a verdict found and a judgment rendered for the plaintiff, it is too late to raise the question in the appellate court, "that the case was never properly in court and that every thing done in the case after return 'no inhabitant' was illegal and void."

**Same—Final Judgment—Errors.**

The appellate court will only consider error to a final judgment.

This was an action of debt in the circuit court of Highland county by William Lockridge against John Lockridge upon a bond executed by the latter to the plaintiff for the sum of $500.00.

Process was issued against the defendant and returned "no inhabitant"; but the defendant appeared and pleaded, and the case was tried by a jury, and a verdict found for the plaintiff.

*Haas*, counsel for appellant.

CHRISTIAN, J., delivered the opinion of the court.

The court is of the opinion that the appearance of the de-

fendant and the pleading to the action after it was docketed was a waiver of his right to have the suit abated.

It was the duty of the clerk upon the return of the process "no inhabitant" to have entered an abatement of the suit. But not having done this, and the suit having been placed upon the docket, and the defendant having appeared and pleaded, and the issue thus made having been tried by a jury and verdict, and judgment rendered for the plaintiff, it is too late now to raise the question in the appellate court that "the case was never properly in court and everything done in the case after the return 'no inhabitant' was illegal and void."

By appearing and pleading to the action the defendant recognized the right of the plaintiff to have his action tried, and waived his right to abate the suit because process had not been executed on him but returned "no inhabitant."

The court is further of the opinion that whatever irregularities there may have been in suing out the attachment, after the return "no inhabitant" and *before* the appearance of the defendant (which was a waiver of his right to abate the suit) or in the return to *a special term* of the circuit court, in which the suit was not pending, and for which irregularities it may have been proper for the court below to have granted the attachment ; inasmuch as there was no *final* judgment on the attachment, and as this court can only consider errors to a *final* judgment, it would be premature now to pass on the question raised in the petition for a writ of error as to the attachment, the court below not having entered any judgment on the proceedings in the attachment.

The court is therefore of opinion that there is no error in the judgment of the said circuit court in entering a judgment for the debt found due by the verdict of the jury and that this judgment be affirmed.