PRIDDY & TAYLOR v. HARTSOOK.

OCTOBER 8th, 1885.

1. SUITS—*General Rule—Exception.*—As a general rule, one cannot sue at law and in equity, at the same time, for the same debt. But a mortgagee, or *c. q. t.*, may sue at the same time, at law upon his bond and in equity, to enforce his mortgage or trust deed; the one remedy being *in personam*, and the other *in rem*.
2. IDEM—*Defence.*—The defence of two suits for the same cause of action in two forms must be made in the chancery suit, after answer, by rule for plaintiff to elect between his two suits. *Williamson* v. *Paxton*, 18 Gratt. 475.
3. APPELLATE COURT—*Jurisdiction—Final judgment.*—A rule in action at law requiring plaintiff to elect by the next term whether he will proceed at law or in chancery, is not, in the meaning of section 2, chapter 178, Code 1873, a final judgment, and this court has not jurisdiction to review it.

Error to judgment of circuit court of Albemarle county, rendered 27th May, 1884, in an action of *assumpsit*, wherein Priddy & Taylor are plaintiffs, and Elizabeth H. Hartsook is defendant, requiring plaintiffs by the next term to elect whether they will prosecute this action, or the chancery suit wherein they filed their bill, in said court at April rules, 1884, for the same matter involved in this action. From this judgment the plaintiffs obtained a writ of error and *supersedeas* from one of the judges of this court.

Opinion states the case.

*Clay & Tucker*, for the plaintiffs in error.

*Duke & Duke* and *T. S. Martin*, for the defendant in error.

HINTON, J., delivered the opinion of the court.

The record in this case shows that in December, 1883, the plaintiffs in error, being creditors of the defendant in error, brought a suit at law in the circuit court of the county of Albemarle to recover a judgment for $783.11, the amount of their debt. At February term of the court in 1884, the defendant filed the plea of *non assumpsit*, but no other plea, and the case went over without trial to the May term. At April rules, 1884, the plaintiffs in error filed a bill in equity in behalf of themselves and other lien creditors, to enforce the provisions of a deed of trust by which the defendant had assigned certain property to a trustee to secure the payment of debts due to various persons, amongst whom were the plaintiffs, whose debt was expressly admitted to be due. The property conveyed by this deed consisted of "all the *dower* property" "derived and to be derived from the estate of her deceased husband; also her interest in her homestead in her husband's estate and her own property claimed in homestead deed. The deed gives to the trustee very wide powers, not necessary to be enumerated, however, and directs him "after reserving one-half," or less, if that much is not needed, "for the support of the grantor out of the proceeds of this property as it may be collected by him, to apply the balance to the payment of the creditors named.

No answer had ever been filed to this bill, and at May term of the court the cause was still at rules. But when the action at law came up for trial, the defendant made a motion in the common law case that the plaintiffs be put to their election between the two suits, and the court so ordered. And thereupon the plaintiffs applied for and obtained a writ of error and *supersedeas* from one of the judges of this court.

Now it is unquestionably "settled," as stated by Chancellor Kent in *Jones* v. *Conde*, that a mortgagee may sue, at the same time, at law upon his bond, and in equity upon his mortgage. The case of a mortgagee forms an exception to the general rule, that

a party shall not be allowed to sue at law and in equity at the same time for the same debt. "The one remedy is *in rem* and the other *in personam;* and the general rule to which this case is an exception applies only to cases where the demands at law and equity are equally personal, and not where the cumulative remedy is *in personam,* while the other is upon the pledge. 6 John's Chy. Reps. 77; *Vesy* v. *Watkins,* 18 Ark. 553; 2 Wh. and Tudor's L. Cas., vol. 2, part II, 1319 and 20; 2 Min. Inst. 306, 307, 317.

And as a deed of trust to secure the payment of a debt, or a deed of assignment of property to a trustee to sell the property to secure the payment of debts already due, is, in substance and effect a mortgage, it would seem by analogy to be subject to the rules applicable to mortgages; and a creditor secured by such a deed would have the same right as the ordinary mortgagee to proceed, both at law and in equity, to enforce the collection of his debt. 2 Perry on Trusts, 2nd ed., S. 602, d. *et seq.;* 4 Kent's Com. 142, 143.

It seems to be equally well settled that the defence, that the plaintiff is suing both at law and in equity for the same cause of action, cannot properly be made in a court of law, but must be made by a rule in the chancery suit obtained after the answer of the defendant has been filed, to put the plaintiffs to his election between the suits. And the reason for this is, that the complainant has at all times a right to a discovery in a court of chancery, though not for relief, if he chooses to seek it elsewhere. Lube's Eq. Pl., chapter eight, section two, p. 76; *Williamson, trustee,* v. *Paxton, trustee,* 18 Gratt. 504.

In this condition of the law, it seems clear that the plaintiffs in error are entitled to the interposition of this court, if it has properly acquired jurisdiction of the case. But upon this point there is more difficulty.

The order is as follows: "On motion of the defendant, a

rule is awarded against the plaintiffs requiring them to elect by the next term of the court, whether they will prosecute this action or the chancery suit in which they filed their bill in this court against the said E. H. Hartsook, &c., at the April rules, 1884, for the same matter involved in this action, the court being of opinion that the plaintiffs cannot prosecute both of said suits. And this cause is continued till the next term of the court." But this order is not, in the opinion of the court, a final judgment, within the meaning of those words as used in section 2 of chapter 178 of the Code. For aught that this court knows, the court below may dismiss the rule and never actually require an election to be made in the action at law.

The application of the plaintiffs to this court, therefore, was premature, and the writ of error must be dismissed as improvidently awarded.

Writ dismissed.