# Richmond.

POSTAL TEL. CABLE CO. v. NORFOLK & WESTERN R. R. CO.

January 22d, 1891.

FINAL JUDGMENT—*Condemnation proceedings—Appeals—Case at bar.*—Judg-
.ment obtained by telegraph company appointing commissioners to fix
a just compensation for land of railroad company proposed to be taken
for the purpose of the former, in condemnation proceedings, is not
final and appealable. *Ludlow* v *City of Norfolk, ante p.*

Error to judgment of circuit court of city of Petersburg, in
a proceeding inaugurated by the Postal Telegraph Cable Com-
pany, plaintiff, against the Norfolk and Western Railroad
Company, to condemn the land of the latter, proposed to be
taken for the former's purposes, and removed to that court
from the circuit court of Prince George county. The decree
reversed an order of the county court of said county appoint-
ing commissioners to fix a just compensation to the owner for
the land proposed to be taken. The telegraph company
brought the case here on error. Opinion states the case.

*J. Samuel Parrish* and *E. C. Burks*, for the plaintiff in error.

*Robert Stiles, A. L. Holliday, G. S. Bernard* and *Staples &
Munford*, for the defendant in error.

LEWIS, P., delivered the opinion of the court.

This proceeding was commenced in the last mentioned
court by the appellant here, the Postal Telegraph Cable Com-

pany, a corporation chartered under the laws of the State of
New York, for the purpose of condemning a right of way for
the erection of a telegraph line along and parallel to the
northern side of the track of the Norfolk & Western railroad
within the said county.

The railroad company appeared and opposed the proceeding
on various grounds; but its objections were overruled, and an
order was entered appointing five disinterested freeholders for
the purpose of ascertaining what would be a just compensation
to the defendant company for the right of way proposed to be
condemned. This order was afterwards, on a writ of error
and *supersedeas*, reversed by the judgment of the circuit court
of Petersburg above mentioned, to which judgment a writ of
error was awarded by this court on the application of the
telegraph company.

Whilst the case was pending in the circuit court, there was
a motion to dismiss the writ of error to the order of the
county court, on the ground that the writ had been improvi-
dently awarded, because the order was not final in its charac-
ter and there had been no further proceedings in the cause.
But the motion was overruled, and this ruling is the subject
of the first assignment of error here.

If this assignment is well taken, and we think it is, the
circuit court had no jurisdiction of the case, and the motion
ought to have been granted.

The appellate jurisdiction of the courts of the Common-
wealth is regulated by statute, which allows an appellate pro-
ceeding in three classes of cases only, viz:

(1) Where there is an order in a controversy concerning the
probate of a will, or the appointment or qualification of a
personal representative, guardian, curator, or committee, or
concerning a mill, roadway, ferry, wharf, or landing.

(2) Where there is a decree or order in any case *in chancery*
dissolving an injunction, or requiring money to be paid, or

the possession or title of property to be changed, or adjudicating the principles of the cause; and

(3) Where in any civil case there is *a final* judgment, decree or order.   Code, secs. 3453, 3454.

It is obvious that the order in question belongs neither to the first nor second of these classes.   It is not one concerning a roadway, or any other matter mentioned in the first class, nor is it a decree or order in chancery.   A controversy concerning a roadway, within the meaning of the statute, is one that relates to *the establishment* of a road, and not to a matter collateral thereto, as, for example, a controversy concerning the damages occasioned by a road already established, or the establishment on a road of a telegraph.   *Trevilian* v. *Louisa Railroad Co.*, 3 Gratt., 312; *Hancock* v. *R. & P. R. R. Co*, *Ibid.*, 313; *Jeter* v. *Board*, 27 *Id.*, 910.   Then, is the order a final order, and, therefore, within the third class above mentioned? It would seem clearly not.

The general doctrine as to what constitutes a final order is well stated by Professor Minor, who says that such an order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.   4 Min. Insts., 860; *Burch, Mayor,* v. *Hardwicke,* 23 Gratt., 51; *Alexander* v. *Byrd,* 85 Va., 690.

In the present case, the order, so far from disposing of the case, giving all the relief contemplated, leaving nothing to be done in the cause, is, in fact, little more than the mere inception of the proceeding.   It is no more final, in the sense of being an appealable order, than is an order overruling a demurrer to a declaration in an action at law founded upon a statute, the validity or construction of which is drawn in question by the demurrer.   It is true the order, to a certain extent, adjudicates the principles of the cause, and overrules objections which go to the validity of the proceeding, but all

the relief asked for by the plaintiff and contemplated by the order is not granted, nor can it be until after the report of the commissioners shall have been returned and acted upon. The order simply appoints commissioners, and directs them to proceed pursuant to the provisions of chapter forty-six of the Code.

The object of the proceeding is to acquire by condemnation title to so much of the right of way of the railroad company as will be necessary for the establishment thereon of a tele-graph line, and the county court decided, contrary to the contention of the railroad company, that, under sections 1287, *et seq.* of the Code, the plaintiff in the proceeding had a right to acquire such title by proceeding under the provisions of said forty-sixth chapter, and commissioners were appointed accordingly. But at that point the proceedings were arrested by the writ of error and *supersedeas* from the circuit court; so that no title has yet been acquired, nor can any title be acquired until further action in the case has been taken.

Section 1079 of the Code provides that after the report of the commissioners shall have been returned to the court, the same shall be approved and recorded, unless good cause to the contrary be shown. And then it is provided that the sum ascertained by the commissioners to be a just compensation, may be paid to the persons entitled thereto or into court, and that upon such payment the title to that part of the land for which compensation is allowed shall be absolutely vested in fee-simple in the plaintiff in the proceeding, except in the case of a proceeding by a turnpike company.

But until this is done, the plaintiff not only does not acquire any title to the land, but he acquires no right to go upon or interfere with it in any way. We are unable, therefore, to see how an order like the one in question can be properly said to dispose of the case, or to have any element of finality about it. *Non constat* the report, when returned, will not be rejected, and if rejected, the parties would be about where they began.

The case, in this particular, is ruled by the case of *Ludlow* v. *City of Norfolk* (decided at the present term.)   That was an application to the corporation court of Norfolk for the condemnation of certain land wanted by the city for public grounds.   The application was contested on the ground that there was no lawful authority to condemn land for such a purpose.   But the defence was overruled, and an order entered appointing commissioners, as in the present case, to ascertain a just compensation for the land wanted.   The defendants thereupon obtained a writ of error, and brought the case to this court.   But here the case was dismissed as improvidently awarded, on the ground that the order appealed from was not final, but interlocutory.

It follows that the judgment of the circuit court must be reversed, on the ground of want of jurisdiction in that court. And as the case must be remanded to the county court on that ground, the court declines to express an opinion upon any other question discussed at the bar.

RICHARDSON, J., dissented.

JUDGMENT REVERSED.