# Richmond.

SMILEY AND OTHERS v. THE PROVIDENT LIFE & TRUST CO. OF
PHILADELPHIA.

Absent, Buchanan, J.

January 17, 1907.

Reheard March 21, 1907.

1. APPEAL AND ERROR—*Final Judgment of Trial Court.*—This court has
   no jurisdiction to award a writ of error to a judgment of a
   circuit court setting aside a final judgment in ejectment, and
   awarding a new trial to a defendant who had not appeared or
   been served with process. The judgment awarding a new trial
   is not a final judgment within the meaning of section 3454 of
   the Code allowing a writ of error from this court. Neither be-
   fore nor since the amendment of section 3454 (Acts 1902-'03-'04,
   pages 778, 779), did a writ of error lie in any case at law until
   there had been a final judgment or order in the cause.

Error to a judgment of the Circuit Court of Augusta county
in an action of ejectment setting aside a former judgment for
the plaintiff on the application of one of the defendants. To
the judgment awarding said defendant a new trial the plain-
tiff assigns error.

*Dismissed.*

The opinion states the case.

*Braxton & McCoy,* for the plaintiffs in error.

*J. M. Perry,* for the defendant in error.

CARDWELL, J., delivered the opinion of the Court.

This is a writ of error to a judgment of the Circuit Court

of Augusta county, awarding a new trial to one of the defendants in an action of ejectment theretofore pending and determined in that court.

The action was brought by plaintiffs in error in March, 1897, against the defendant in error (The Provident Life and Trust Company of Philadelphia), the Virginia Iron Investment Company, J. Harry Lee, and Stephen Lee to recover 26 48ths interest in a tract of land situated in Augusta county, known as the "Bare Ore Bank" or the "Bare Bank Property." Several years prior to the institution of the suit the whole of the property was claimed to be owned by J. Harry Lee and Stephen Lee (claiming the surface right), and a man by the name of Joslyn (claiming the mineral right); so that Joslyn, the said Lee and plaintiffs in error here claimed under one and the same source of title. Joslyn, by deed duly recorded in Augusta county, conveyed his title (such as it was), to the Virginia Iron Investment Company, which in turn executed a deed of trust upon the property, conveying the Joslyn title to the defendant in error, a corporation, in trust to secure payment of $250,000 evidenced by bonds issued by the Virginia Iron Investment Company. Upon the institution of this suit process was served upon the Virginia Iron Investment Company in person, but it appearing that the defendant in error and the said Lees were non-residents of the Commonwealth of Virginia, the process upon them was served by order of publication duly executed and matured.

At a trial of the cause on the 31st day of May, 1889, plaintiffs in error recovered a judgment against all of the defendants for various undivided interests in said tract of land, aggregating 26 48ths thereof, also for their costs, and the suit was stricken from the docket as an ended cause.

On May 10, 1901, the defendant in error filed its petition in the Circuit Court of Augusta county, reciting the foregoing facts, denying it had ever appeared to defend the said action, and praying that the said cause be reopened and reheard, and

that the judgment theretofore rendered therein be set aside and annulled. Upon a hearing on this petition, the answer of plaintiffs in error thereto and an agreed statement of the evidence, based upon the only ground of defense that plaintiffs in error were allowed to make to the petition, the prayer of the petition to rehear was granted, the judgment in ejectment set aside as to defendant in error, and it was permitted to plead or otherwise make defense to the original declaration in ejectment. It is to that judgment this writ of error was awarded.

That this court had not jurisdiction to award a writ of error to the ruling complained of, unless it is a final determination of the rights of the parties within the meaning of a final judgment, does not admit of argument. Codes of Virginia (1887, 1904), section 3454. *Lockridge* v. *Lockridge*, 1 Va. Dec. 61; *Rogers' Admr.* v. *Bertha Zinc Co.*, 1 Va. Dec. 827; *Tucker* v. *Sandidge*, 11 Va. L. J. 107; *Priddy & Taylor* v. *Hartsook*, 81 Va. 67.

This ruling is not, in the opinion of the court, a final judgment within the meaning of these words. It leaves the original action of ejectment to be yet tried and determined as between plaintiffs in error and the defendant in error upon the issues yet to be made up on the plea of the general issue or other defense made by the defendant in error pursuant to the ruling of the Circuit Court awarding it a new trial. As to what may be the ultimate determination of the rights of the parties we can, in the present situation of the case, know nothing judicially. *Non constat* but that at a trial of the issue or issues between the parties plaintiffs in error will prevail, in which event they would not be prejudiced by the ruling here complained of. On the other hand, if defendant in error should prevail, a writ of error to the final judgment of the Circuit Court in its favor would bring under the review of this court not only that final judgment, but first the ruling of the Circuit Court awarding defendant in error a new trial which it is designed to have reversed upon this writ of error, and which is a judgment in no sense final in its character.

The application of plaintiffs in error to this court, therefore, was premature, and the writ of error must be dismissed as improvidently awarded.

## ON PETITION TO REHEAR.

BY THE COURT :*

At the January term, 1907, of the court, the writ of error which had theretofore been awarded in this cause (an action of ejectment) was dismissed as improvidently awarded upon the ground that there had been no final judgment in the cause.

It is insisted in the petition to rehear that by the Act of December 31, 1903 (Acts 1902-'03-'04, pages 778, 779, amending section 3454 of the Code, a writ of error will lie to an order or judgment in action of ejectment, although there has been no final judgment in the cause. The petition states that prior to that amendment section 3454 did not require that a final order should be entered "in a controversy concerning the probate of a will or the appointment or qualification of a personal representative, guardian, curator or committee, or concerning a mill, roadway, ferry, wharf or landing," before there could be an appeal or writ of error; and that as the amendment to section 3454 places "controversies concerning the title to or boundaries of land" in the same class as the controversies named, a writ of error lies to any order or judgment in action or ejectment although no final judgment has been entered in the cause.

If it were true that prior to the amendment of section 3454 an appeal or writ of error did lie from or to an order or judgment in that class of cases, although there had been no final judgment in the cause, the contention of the petitioners for the rehearing would be clearly right. But prior to the amendment an appeal or writ of error did not lie in any case at law until

---

*Judge Buchanan was present and took part in the rehearing.

there had been a final order or judgment in the cause.    There
was a provision in that section that in any case in "chancery
wherein there is a decree or order dissolving an injunction or
requiring money to be paid, or the possession or title of prop-
erty to be changed or adjudicating the principles of a cause"
there might be an appeal although no final order or decree had
been entered therein.    But there was nothing in the section, as
construed by this court, which authorized a writ of error in any
case at law until there had been a final judgment.    See *Gilles-
pie* v. *Coleman,* 98 Va. 276, 36 S. E. 377, and authorities cited,
especially *Trevilian* v. *Louisa R. Co.,* 3 Gratt. 326; *Hancock* v.
*R. & P. R. Co.,* 3 Gratt. 328; *Ludlow* v. *City of Norfolk,* 87
Va. 319, 12 S. E. 612; *Postal Tel. Co.* v. *N. & W. R. Co.,* 87
Va. 349, 12 S. E. 613; *R. & F. R. Co.* v. *Johnson,* 99 Va. 282,
38 S. E. 195.

We are of opinion that the language of section 3454, as
amended, does not give a party in an action of ejectment the
right to have the proceedings in the cause reviewed by this
court until a final judgment has been entered in the cause.

The petition to rehear must, therefore, be denied.

*Dismissed.*