# Staunton

## SALEM LOAN AND TRUST COMPANY V. KELSEY.

### September 11, 1913.

### Absent, Keith, P.

1. APPEAL AND ERROR—*Final Judgment.*—A writ of error does not lie in an action at law until there has been a final order or judgment in the cause.

2. APPEAL AND ERROR.—*What Is a Final Judgment.*—A final order is one that disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order. If it appears upon the face of the judgment that further action in the cause is necessary to give completely the relief contemplated by the court, then the judgment is not final.

3. APPEAL AND ERROR—*Final Judgment—Setting Aside a Verdict in Part.*—Where an action is brought upon three notes and there is a general verdict for the defendant, an order made by the trial court setting aside the verdict as to two of the notes and awarding a new trial as to them, but refusing to set it aside as to the other note, and directing that the plaintiff take nothing by his action as to that note, and that the defendant recover his costs, is not a final order or judgment to which a writ of error will lie.

Error to a judgment of the Law and Chancery Court of the city of Roanoke, in a proceeding by motion under section 3211 of the Code.

*Writ Dismissed.*

The opinion states the case.

*A. E. King* and *Poindexter & Hopwood,* for the plaintiff in error.

*C. S. McNulty,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The defendant in error moves to dismiss this writ of error as improvidently awarded, upon the ground that no final judgment has been rendered in this case.

This is a proceeding under section 3211 of the Code to recover judgment upon three negotiable notes. Upon the trial of the cause there was a verdict for the defendant. Upon motion of the plaintiff that verdict was set aside as to two of the notes and a new trial awarded as to them, but the motion to set aside the verdict as to the other note was overruled, and an order entered that the plaintiff take nothing by his motion as to that note, and that the defendant recover his costs.

While by statute an appeal may be taken from certain interlocutory orders as well as from final decrees, a writ of error does not lie except where there has been a final order or judgment in the cause. Pollard's Code, section 3454; *Gillespie* v. *Coleman, &c.,* 98 Va. 276, 36 S. E. 377; *Smiley* v. *Provident Trust Co.,* 106 Va. 787, 56 S. E. 738, and cases cited.

The general doctrine as to what constitutes a final order, says Judge Lewis in *Postal Tel. Cable Co.* v. *N. & W. R. Co.,* 87 Va. 349, 351, 12 S. E. 613, 614, is well stated by Prof. Minor, who says, "that such an order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order. 1 Minor's Inst. 800."

This statement of the general doctrine as to what constitutes a final judgment, order or decree seems to be fully sustained by text-writers and adjudicated cases. Sec. 4

Am. & Eng. Enc. of Law & Pr., 65-6, and cases cited in note. 23 Cyc. 672-3.

In *Burch, Mayor,* v. *Hardwicke,* 23 Gratt. (64 Va.) 51, it was said by Judge Bouldin in delivering the opinion of the court, that whether a judgment or decree is final "must always be ascertained, not by inquiring what ought to have been done by the court, but by inspecting the terms of the judgment or decree and learning from its face what has been done. If it appears upon the face of the judgment or decree that further action in the cause is necessary to give completely the relief contemplated by the court, then the decree (or judgment) is to be regarded not as final but interlocutory."

Tested by these well settled principles, it is clear that the order to which this writ of error was awarded is not final. It appears from the face of the order that the issues as to the larger portion of the demand sued for are still undetermined, and that as to that portion there is to be a new trial.

It was held in *Wills* v. *Jackson,* 3 Munf. (17 Va) 458, that a plaintiff cannot appeal from a judgment in favor of all the defendants except one in a joint action of trespass until the suit has been abated, dismissed or decided as to that defendant. If this be true, it is manifest that a sole plaintiff cannot appeal from a judgment in favor of a sole defendant upon an issue as to the latter's liability on the other two notes remaining undetermined and as to which a new trial has been awarded. If he could, then instead of there being one final judgment in a law case, there could be as many final judgments as there are separate items in the demand sued for.

The motion to dismiss the writ of error as improvidently awarded must be sustained.

*Writ Dismissed.*