# Richmond

Louis B. Hatke v. Globe Indemnity Company.

November 12, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Joseph I. Nachman*, for the plaintiff in error.

*L. W. H. Peyton*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

On February 11, 1936, Louis B. Hatke filed, in the clerk's office of the Circuit Court of Augusta county, his notice of motion for judgment against the Globe Indemnity Company, a foreign corporation. The notice was returnable on March 2, 1936, and on that day a judgment by default was awarded

Hatke by the court for $1,057.15, the defendant, Globe Indemnity Company, not appearing.

Notice of the action had been executed upon the Secretary of the Commonwealth as provided by statute and duly returned to the clerk's office. On March 9, 1936, that being during the same term of court that the judgment had been awarded, the Globe Indemnity Company, by counsel, appeared and moved the court to set aside the judgment on the ground that the defendant was prevented from appearing on the return day of the notice because the notice, executed upon the Secretary of the Commonwealth, was not brought to the attention of the officers of the company until after the return day. The defendant asserted that it had a substantial defense to the action.

At the hearing of the motion to vacate the judgment the evidence disclosed that the statutory notice, which had been executed upon the Secretary of the Commonwealth, had been forwarded to the home office of the Globe Indemnity Company in the usual course and after its receipt it had been mislaid. It also appeared that when the proper official of the company became aware of the judgment which had been taken by default against his company he proceeded at once to have said judgment annulled by appearing for his company, by counsel, in the circuit court, at the same term, and moving to vacate the judgment in order that the defendant might interpose its defense to the action. The circuit court, after consideration, entered the order here complained of, setting aside and annulling the default judgment, and directed the defendant to file its grounds of defense to the action within three weeks. This order vacating the judgment is the order to which this court granted the writ of error.

The defendant in error has moved to dismiss the writ of error awarded in the case upon the ground that the order of which the plaintiff in error complains is only interlocutory, and in no respect a final order, which is essential to the validity of the writ of error. Contention is made that, if the parties had proceeded to trial upon the merits in the

trial court, a verdict and judgment might have resulted in favor of the plaintiff in error, and in that event he would not have sought a writ of error. For these reasons, it is claimed that the writ was improvidently awarded and should now be dismissed.

Under section 6336 and section 6337, as amended by Acts 1922, chapter 41, which must be considered together, no writ of error may be granted unless the judgment is final. Consideration of the motion to dismiss the writ of error in this case, presents one, and only one, question, and that is: What is the character of the order or judgment to which the writ of error was awarded—is it final, or is it only interlocutory? If it is of the latter character, then the motion to dismiss must be sustained.

After a consideration of the language of the two sections of the Code above referred to, and the Virginia cases in which the precise question has been in issue, we are forced to conclude that the order complained of is not final.

In *Allison's Ex'r* v. *Wood*, 104 Va. 765, 52 S. E. 559, 560, 7 Ann. Cas. 721, it was held that the jurisdiction of this court could not attach until the jurisdiction of the lower court had ceased. The court, speaking through Judge Whittle, said: "During the term of the court at which the judgment is rendered, the trial court is clothed with exclusive jurisdiction over it, and may, in its discretion, modify, amend or annul the same, and the jurisdiction of this court does not attach until after that jurisdiction of the trial court has terminated. The due and orderly administration of justice demands the observance of the line of demarcation between the jurisdiction of trial courts and the jurisdiction of this court, and in the absence of special statutory provision to the contrary, the jurisdiction of the former must cease before the jurisdiction of the latter accrues. The tendency of the rule is to prevent the confusion which might otherwise result from investing different tribunals with jurisdiction over the same subject at the same time."

In *Smiley* v. *Provident Life & Trust Co.*, 106 Va. 787, 56 S. E. 728, 729, the writ of error was to a judgment of the

trial court awarding a new trial to one of the defendants in an action in ejectment. A petition had been filed by him praying that the judgment be set aside and the case reopened. Upon consideration of the petition, the answer filed thereto, and an agreed statement of facts, the trial court granted the prayer of the petition; the judgment was vacated, and the defendant permitted to make his defense to the original declaration in ejectment. The court held that the order setting aside the judgment and granting a new trial was not a final one to which a writ of error could be granted.

Judge Cardwell, speaking for the court, said: "That this court had not jurisdiction to award a writ of error to the ruling complained of, unless it is a final determination of the rights of the parties within the meaning of a final judgment; does not admit of argument. Codes of Virginia 1887 and 1904, section 3454; *Lockridge* v. *Lockridge*, 1 Va. Dec. 61; *Rogers' Adm'r* v. *Bertha Zinc Co.*, 1 Va. Dec. 827, 19 S. E. 782; *Tucker* v. *Sandidge*, 11 Va. Law J. 107; *Priddy & Taylor* v. *Hartsook*, 81 Va. 67.

"This ruling is not, in the opinion of the court, a final judgment within the meaning of these words. It leaves the original action of ejectment to be yet tried and determined as between plaintiffs in error and the defendant in error upon the issues yet to be made up on the plea of the general issue or other defense made by the defendant in error pursuant to the ruling of the circuit court awarding it a new trial. As to what may be the ultimate determination of the rights of the parties we can, in the present situation of the case, know nothing judicially. *Non constat* but that at a trial of the issue or issues between the parties plaintiffs in error will prevail, in which event they would not be prejudiced by the ruling here complained of. On the other hand if defendant in error should prevail, a writ of error to the final judgment of the circuit court in its favor would bring under the review of this court not only that final judgment, but first the ruling of the circuit court awarding defendant in error a new trial which it is designed to have reversed

upon this writ of error, and which is a judgment in no sense final in its character."

In *Salem Loan and Trust Co.* v. *Kelsey*, 115 Va. 382, 79 S. E. 329, Judge Buchanan states very clearly what is a final judgment to which a writ of error lies. He said: "The defendant in error moves to dismiss this writ of error as improvidently awarded, upon the ground that no final judgment has been rendered in this case.

"This is a proceeding under section 3211 of the Code to recover judgment upon three negotiable notes. Upon the trial of the cause there was a verdict for the defendant. Upon motion of the plaintiff that verdict was set aside as to two of the notes, and a new trial awarded as to them; but the motion to set aside the verdict as to the other note was overruled, and an order entered that the plaintiff take nothing by his motion as to that note, and that the defendant recover his costs.

"While by statute an appeal may be taken from certain interlocutory orders as well as from final decrees, a writ of error does not lie except where there has been a final order or judgment in the cause. Pollard's Code, section 3454; *Gillespie* v. *Coleman, etc.*, 98 Va. 276, 36 S. E. 377; *Smiley* v. *Provident Life & Trust Co.*, 106 Va. 787, 56 S. E. 728, and cases cited.

"The general doctrine as to what constitutes a final order, says Judge Lewis in *Postal Tel. Cable Co.* v. *N. & W. R. Co.*, 87 Va. 349, 351, 12 S. E. 613, 614, is well stated by Prof. Minor, who says, 'that such an order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order. 4 Minor's Inst. 860.'

"This statement of the general doctrine as to what constitutes a final judgment, order or decree seems to be fully sustained by textwriters and adjudicated cases. See 4 Am. & Eng. Enc. of Law & Pr., 65, 66, and cases cited in note; 23 Cyc. 672, 673.

"In *Burch, Mayor* v. *Hardwicke*, 23 Gratt. (64 Va.) 51, it was said by Judge Bouldin in delivering the opinion of the court, that whether a judgment or decree is final 'must always be ascertained, not by inquiring what ought to have been done by the court, but by inspecting the terms of the judgment or decree and learning from its face what has been done. If it appears upon the face of the judgment or decree that further action in the cause is necessary to give completely the relief contemplated by the court, then the decree (or judgment) is to be regarded not as final but interlocutory.'

"Tested by these well settled principles, it is clear that the order to which this writ of error was awarded is not final. It appears from the face of the order that the issues as to the larger portion of the demand sued for are still undetermined, and that as to that portion there is to be a new trial.

"It was held in *Wells* v. *Jackson*, 3 Munf. (17 Va.) 458, that a plaintiff cannot appeal from a judgment in favor of all the defendants except one in a joint action of trespass until the suit has been abated, dismissed, or decided as to that defendant. If this be true, it is manifest that a sole plaintiff cannot appeal from a judgment in favor of a sole defendant upon an issue as to the latter's liability on the other two notes remaining undetermined and as to which a new trial has been awarded. If he could, then instead of there being one final judgment in the law case, there could be as many final judgments as there are separate items in the demand sued for."

See also, *Brown* v. *Carolina, C. & O. R. Co.*, 116 Va. 597, 83 S. E. 981.

From these authorities we think the order to which the writ of error was granted in the instant case was not a final order. It follows that the writ was improvidently awarded and must be dismissed.

*Writ dismissed.*