# Richmond

## MASSANUTTEN BANK OF STRASBURG, A CORPORATION V. D. A. GLAIZE AND MATTIE GLAIZE.

April 21, 1941.

Record No. 2348.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

*R. S. Wright, Jr.,* for the plaintiff in error.

*F. H. Brumback* and *Gilbert E. Pence,* for the defendants in error.

Spratley, J., delivered the opinion of the court.

On March 28, 1940, the Massanutten Bank of Strasburg, hereinafter referred to as the plaintiff, caused a notice to be served personally on D. A. Glaize and Mattie Glaize that it would move the Circuit Court of Shenandoah County on April 13, 1940, for a judgment against them, jointly and severally, for an indebtedness alleged to be evidenced by a promissory note, payable to the the plaintiff, made by D. A. Glaize and endorsed by his wife, Mattie Glaize. On Monday, April 22, 1940, at the March term of the circuit court, a judgment by default was accordingly entered against both defendants.

On Wednesday, April 24, 1940, pursuant to a telephone appointment made the preceding day, counsel for Mattie

Glaize appeared before the trial judge in his chambers at Winchester, Virginia, and made a motion to vacate the judgment against Mrs. Glaize. The judge agreed to hear the motion on April 27, 1940. On that date, counsel for Mrs. Glaize filed her petition in writing, with affidavits in support thereof, alleging that she had a legal defense to the action against her, in that her alleged endorsement of the note sued on was a forgery; that she was prevented from making her defense in person and by counsel because of certain stated circumstances; and that the judgment against her had been unjustly and unfairly secured. Counsel for the bank also appeared and made objection to the proceedings upon the ground that it had not received proper notice of the motion. The hearing of the motion was continued to May 6th, on which date, during the same March term, the trial court, after consideration of the pleadings and the issues, sustained the motion and entered an order vacating and setting aside the judgment against Mrs. Glaize, and continued the action generally.

Upon the petition of the plaintiff, we granted this writ of error to the order of May 6, 1940.

While the principal contention of the plaintiff is that the grounds assigned by Mrs. Glaize did not justify the action of the trial court, the primary question for our decision is whether the order, entered within fifteen days after the rendition of the default judgment and during the same court term, was a final or interlocutory order.

A large majority of the state courts of last resort, including Virginia, have held an order granting a motion to set aside a default judgment to be interlocutory rather than final, and so not appealable under statutes restricting appeals to final judgments or order. 108 A. L. R. 226.

Unless the order appealed from is a final order, this court is without jurisdiction. Virginia Code, 1936, sections 6336 and 6337.

This case is controlled by the principles stated and approved by this court in the recent case of *Hatke* v. *Globe Indemnity Co.*, 167 Va. 184, 188 S. E. 164, 108 A. L. R. 222, and cases cited.

In that case, an action against a foreign corporation, statutory notice was executed on the Secretary of the Commonwealth, and, the defendant not appearing on the return day, a default judgment was entered against it. Defendant thereafter appeared and moved to set aside the judgment on the ground that the notice, although received at its home office, did not come to the attention of its officers until after the return day. The trial court entered an order granting the motion and ordering the defendant to file its grounds of defense. Holding that the order setting aside the judgment was not an appealable order, and that the writ of error was, therefore, improvidently awarded, we dismissed the writ.

■ In Virginia we have long followed the rule at common law, except as changed by statute, that, during any term when any judicial act is done, the law and the proceedings are in the breast of the judges of the court and in their control and, therefore, liable to be stricken out, altered, or amended as they shall direct. *Enders' Ex'rs* v. *Burch*, 15 Gratt. (56 Va.) 64, 66; *Clendenning* v. *Conrad*, 91 Va. 410, 21 S. E. 818; *Owen* v. *Owen*, 157 Va. 580, 162 S. E. 46.

"During the term of the court at which the judgment is rendered, the trial court is clothed with exclusive jurisdiction over it, and may, in its discretion, modify, amend or annul the same, and the jurisdiction of this court does not attach until after that jurisdiction of the trial court has terminated." *Allison's Ex'r* v. *Wood*, 104 Va. 765, 52 S. E. 559, 7 Ann. Cas. 721. See also, *Smiley* v. *Provident Life & Trust Co. of Philadelphia*, 106 Va. 787, 56 S. E. 728.

Virginia Code, 1936, section 5962a, in part, provides: "All judgments or decrees entered during any term of the court shall become final at the end of the term or

at the expiration of fifteen days after their rendition, whichever period shall first happen.''

The plaintiff took the default judgment subject to the above rule and statute, both as to the control of the trial court thereover and as to its finality in point of time.

The order appealed from has not the essential components of a final order under the generally approved doctrine setting out such essentials. It does not undertake to adjudicate the issues involved in the action, dispose of the whole subject or a separate branch thereof, nor make a final disposal of the cause. It leaves the case to further proceedings and judicial action. *Postal Tel. Cable Co.* v. *Norfolk & W. R. Co.*, 87 Va. 349, 12 S. E. 613; *Salem Loan & Trust Co.* v. *Kelsey*, 115 Va. 382, 79 S. E. 329; 31 Am. Jur. Judgments, section 434; 33 C. J. Judgments, section 18.

In the absence of jurisdiction, we are without authority to consider any other question raised in the petition for the writ.

It follows that the writ of error was improperly awarded and must be dismissed.

*Writ dismissed.*