872

## LEE v. ZENTZ.
### No. 326.

Municipal Court of Appeals for the District of Columbia.

Dec. 12, 1945.

Harry Protas, of Washington, D. C., for appellant.

H. Eugene Bryan, of Washington, D. C., for appellee.

Before CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

The action below involved claims arising from alleged violations of the District of Columbia Emergency Rent Act. After the case had been continued several times at the instance of defendant, a request by defendant's counsel for a further continuance was denied; and, following a hearing in defendant's absence, judgment for plaintiff was entered. Four days later defendant moved to vacate the judgment, alleging that her absence from the trial was due to illness. The motion was accompanied by defendant's affidavit and a physician's certificate. The trial court granted the motion to vacate; and from that order plaintiff has appealed.

We have consistently ruled that our jurisdiction is limited by law to a review of final orders and judgments, excepting only interlocutory orders whereby possession of property is changed or affected. See Atlas Van Lines v. Austin, D.C.Mun. App., 44 A.2d 696, and cases there cited. For the order in question to be appealable, it must be a final order. "The finality of an order depends not upon its name, its propriety, or its normal function, but upon whether it 'disposes of the whole case on its merits' so that the court has 'nothing to do but to execute the judgment or decree * * * already rendered.'" Jacobsen v. Jacobsen, 75 U.S.App.D.C. 223, 225, 126 F.2d 13, 15. See also Hengesbach v. Hengesbach, 76 U.S.App.D.C. 209, 130 F.2d 838.

The order vacating the judgment made no final disposition of the case. It left the case undecided, with the right in the plaintiff to proceed to trial and judgment. Such an order is interlocutory and not final. Kummer v. United States, 6 Cir., 148 F.2d 191; Beighle v. Le Roy, 3 Cir., 94 F.2d 30; O'Brien v. Lashar, 2 Cir., 266 F. 215; Silverberg v. Dearholt, 180 Md. 38, 22 A.2d 588; Massanutten Bank of Strasburg v. Glaize, 177 Va. 519, 14 S.E.2d 285. Cf. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783.

Appeal dismissed.