Regina CHANDLER, Appellant,

v.

Ann BROOKINS, Appellee.

No. 3187.

District of Columbia Court of Appeals.

Argued May 27, 1963.

Decided July 31, 1963.

Herman Miller, Washington, D. C., for appellant.

Josiah Lyman, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant brought an action against appellee for reimbursement of funds expended on behalf of appellee during a period in which appellant was acting as agent for appellee. With consent of the parties the case was referred to a special master under the trial court's Rule 53. After hearings the master filed his report, finding therein that appellant was entitled to judgment for $956.-40. Appellee filed no objections within the ten day period fixed by the rule, and appellant moved for judgment in accordance with the master's report. This motion was granted. Within ninety days appellee moved to vacate the judgment on the ground that her attorney had died after the hearings before the master but prior to the issuance of the master's report, and as a result she was without representation when the report was made and the judgment entered thereon. This appeal is from an order of the court granting the motion and vacating the judgment. Our first question is the appealability of the order.

 This court, with exceptions not here applicable, is authorized to review only final orders or judgments. Harco, Inc. v. Greenville Steel and Foundry Company, D.C.Mun.App., 112 A.2d 920. The order vacating the judgment made no final disposition of the case. Its only effect is to permit the late filing of objections to the master's report. These objections may or may not be sustained. The order was interlocutory and not final and therefore not appealable. Lee v. Zentz, D.C.Mun.App., 44 A.2d 872.

Appellant contends, however, that the motion to vacate was not timely filed. This contention is apparently based on the theory that the trial court's Rule 60(b) applies only to default judgments and that the judgment here in question was not a default judgment. The short answer is that Rule 60(b) provides for relief "from a final judgment, order, or proceeding," and is not limited in its application to default judgments.

Appeal dismissed.