## Richmond.

ELDER'S EX'ORS AND ALS. V. HARRIS AND ALS.

December 2.

Absent, *Moncure*, P., sick.

1. The court of appeals has no jurisdiction to entertain an appeal from an interlocutory decree except as it is given by statute.

2. In a pending cause a commissioner is directed to take an account of certain personal property and rents of land. The report is returned and excepted to; and the court, without deciding upon any question upon the report, directs a jury to try an issue of fact as to what was the value of the personal property. HELD: The decree decides no principle in the cause, and an appeal allowed from it will be dismissed as improvidently awarded.

This was a motion to dismiss an appeal on the ground that it was improvidently awarded. It was a suit in the circuit court of Lunenburg by Elder's ex'ors and others, creditors of John A. Harris, to set aside a deed made by said John A. Harris to William A. Harris, and a deed made by William A. Harris to Junius H. Harris, on the ground that the deeds were made to hinder, delay and defraud the creditors of John A. Harris. The case was once before in this court, when the deeds were held to be fraudulent, and the case was sent back to the circuit court of Lunenburg for an account of the personal estate and of the rents and profits of the land conveyed by the deed to William A. Harris. When the cause went back to the circuit court that court made a decree referring the accounts to a commissioner, who made his report, to which William A. Harris

filed exceptions; which are set out in the opinion of Judge *Anderson*.

The cause came on to be heard at the November term, 1879, when the court, without passing upon the report of the commissioner or the exceptions thereto, and being satisfied that the evidence in this case was contradictory, decreed that a jury be empaneled at the bar of the common law side of the court to try the following issue : What was the value on the 1st day of November, 1865, of the personal property embraced in the deed of that date from John A. Harris to William A. Harris, as set forth in the report of the said commissioner ?    From this decree Elder's ex'ors obtained an appeal to this court.

*H. L. Lee* and *J. A. Jones*, for the appellants.

*Ould & Carrington,* for the appellees.

ANDERSON, J., delivered the opinion of the court.

An order of reference was made in this cause at the June term of the circuit court of Lunenburg county, in conformity with a decree of this court, to a commissioner to state and settle an account of the personal property embraced in the deed of the 1st of November, 1865, from John A. Harris to William A. Harris, and the value thereof on the said 1st day of November, 1865; also an account of the rents actually received by William A. Harris from John A. Harris, and an account of the amount of the rents of the said land since the occupency thereof by John A. Harris.

An account was taken by Commissioner Allen of the personal property, giving the value of each item, and of the rents, which together he summed up to be $2,981.10—which he reported to the court.

To this report Wm. A. Harris took the following excep-
tions:

"1. There is no proof for the first four items in said
account.

"2. The last charge of $480, rents from 1st of January,
1874, to 31st of December, 1879, is directly in the face of
the decree of the supreme court of appeals.

"3. The commissioner should have made the discount
between greenbacks and gold, as per Hinton and Dunn's
memorandum, and which he refers to the court.

"4. The commissioner disregarded the testimony of J.
A. Harris and Mrs. Andrews, &c.

"5. And because most of the personal property is
valued too high by the commissioner, and his valuations
are not sustained by the evidence."

Afterwards the cause came on to be again heard, on the
papers formerly read, the report of the com'r R. H. Allen,
and the exceptions thereto, depositions of witnesses, and
was argued by counsel: on consideration whereof, the court,
without at this time passing upon the report of Commis-
sioner R. H. Allen or the exceptions thereto, and being sat-
isfied that the evidence is contradictory, adjudged, ordered
and decreed that a jury be empaneled at the bar of the
common law side of the court to try the following issue:
What was the value on the 1st day of November, 1865, of
the personal property embraced in the deed of that date
from John A. Harris to Wm. A. Harris, as set forth in the
report of the said Commissioner R. H. Allen, &c.?

The appeal in this case is from that order, and the ques-
tion is raised by the appellees whether it was not improvi-
dently awarded.

The order is interlocutory. By ch. 178, § 2, p. 1136, Code
of 1873, it is provided that any person who is a party to any

case in chancery wherein there is a decree or order dissolving an injunction, or requiring money to be paid, or the possession or title of property to be changed, or adjudicating the principles of a cause, or to any civil case wherein there is a final judgment, decree or order, may present a petition, if the case be in chancery, for an appeal from the decree or order, and if not in chancery, for a writ of error or supersedeas to the judgment or order.

Only in a case in chancery is a party authorized to appeal from a decree or order which is not final, and then only from such decree or order as is described in the foregoing citation. Unless the decree or order, not being final, falls within this description in one or the other of the specifications, the appellate court would have no jurisdiction of the appeal, because the appellate court has no jurisdiction to review an interlocutory decree or order in chancery, except what is given by statute; and jurisdictiction is given only in the cases described. An appeal will lie from a decree or order of a chancery court which is not final, which dissolves an injunction, or requires money to be paid, or the possession or title of property to be changed, or which adjudicates the principles of the cause, and from no other.

In this case it is very clear that the order appealed from does not dissolve an injunction, or require money to be paid, or the possession or title of property to be changed. Does it adjudicate the principles of the cause? If it does not, it is plain that an appeal to this court would not lie until there was a decree or order which adjudicated the principles of the cause.

It has been held by this court that an appeal would lie from an order directing an issue out of chancery to be tried by a jury, if it settled the principles of the cause. *Reed* v. *Cline's Heirs*, 9 Gratt. 136, was an appeal from an order directing an issue out of chancery, and it was objected by the

appellee that the order was interlocutory, and that the appeal was prematurely taken to this court. But the court holding that the decree of the circuit court directing the issues, settles the principles of the case erroneously in deciding that the statute of limitations and the staleness of the demand are not sufficient defences against the complainant's demand, was of opinion that this court may take cognizance of the appeal, and reversed the decree and dismissed the bill with costs.

This decision seems to have been upon the ground that upon the case made by the record the statute of limitations and the staleness of the plaintiff's demand were a sufficient defence to the plaintiff's demand, and that his bill ought to have been dismissed; and that the circuit court, by directing other issues to be tried by a jury, had settled the principles of the case to the contrary—to-wit, that the statute of limitations and the staleness of the plaintiff's demand were not a sufficient defence; and upon that ground it took cognizance of the case and reversed the decree and dismissed the complainant's bill.

In *Walden* v. *Beverley*, 20 Gratt. 147, which was an appeal from an interlocutory order, directing issues to be tried by a jury, the question of jurisdiction was not raised, nor expressly passed on by the court. But the court held that upon the case made by the record, all the material allegations of the bill were positively denied by the answer, and were not supported by two witnesses, or one witness and corroborating circumstances; that consequently the plaintiff had failed to make out his case, and his bill ought to have been dismissed; that it was error to direct issues to be tried by a jury to enable him to make out his case by new testimony; and that the circuit court, by directing the issues to be tried by a jury, must have held either that the plaintiff had not failed to make out his case by the proofs, or that if he had, his bill should not be dismissed, but

that an issue should be directed to enable him by new and additional testimony to maintain the allegations of his bill; and that upon either ground the decision was erroneous, and settled the principles of the case adversely to the defendant and erroneously, as upon the face of the record he was entitled to the dismission of the plaintiff's bill. And this decision is in accord with the decision in *Reed* v. *Cline's Heirs, supra.* And we think both are consonant with the plain declarations of the statute. They are the only decisions to which our attention has been called that have any material bearing upon the question now under consideration.

Does the order appealed from in this case adjudicate or settle the principles of the cause? is the only question. The only principles in the cause to be settled are embraced in the exceptions to the commissioner's report hereinbefore recited; and, as we have seen, the court in the very order appealed from expressly declined at that time to pass upon them, but directed an issue to be tried by a jury in relation to one of the facts involved in the commissioner's report, and to which one of the exceptions was taken to aid him in coming to a correct conclusion thereon—regarding the testimony in relation to it as conflicting—and reserving the adjudication of the principles of the cause involved in the report of the commissioner, and the exceptions thereto, until the issue directed was decided by a jury.

The court is of opinion, therefore, that the order appealed from does not show that any principles involved in the cause were adjudicated or settled by the court below, and the statute does not give the party who feels himself aggrieved by an interlocutory order of the court which fails to adjudicate the principles involved in the cause, unless the effect of such failure is to settle the principles of the case adversely to his rights, the right of appeal to the ap-

pellant tribunal. And the other grounds upon which an appeal from an interlocutory order or decree of the court is authorized by the statute not existing in this case, the court is of opinion that the appeal was premature, and this court cannot take cognizance of it; and that the appeal must, therefore, be dismissed as improvidently awarded.

But in order that this litigation may be the more speedily terminated, and an end put to strife, this court deems it proper now to give an intimation of its opinion as to what should be the proper procedure in this case.

It seems to the court that the difference of opinion of witnesses as to the value of the property in question was not such a conflict of testimony as warranted the direction of an issue to be tried by a jury to ascertain its value; and that the court ought to have proceeded to dispose of the several exceptions to the commissioner's report, and if it was not satisfied as to the correctness of said report on any of the matters excepted to, and regarded the evidence as insufficient to enable it to come to a just conclusion thereon, it might in its discretion have recommitted the report upon such matters as to which the court was in doubt, and authorized the commissioner to take such further testimony as either party might offer, and to report his conclusions thereupon to the court in order to a final hearing.

The decree was as follows:

This day came again the parties by their counsel, and the court, having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that it does not appear that any principles involved in this cause were adjudicated or settled in the order appealed from; and the other grounds from which an appeal from an interlocutory order or decree not

Elder's Ex'ors and als. v. Harris and als.

existing in this case, this court cannot take cognizance of it; and that the appeal must therefore be dismissed as improvidently awarded.

Therefore it is decreed and ordered that the said appeal be dismissed, and that the appellants, out of the estate of their testator in their hands to be administered, pay to the appellees their costs by them expended in their defence of the appeal aforesaid here.

APPEAL DISMISSED.