# Richmond.

Schermerhorn's Executrix v. Commonwealth & Another.

January 16, 1908.

1. Appeal and Error—*Amount in Controversy—Taxes.*—A tax is nothing more than a debt due by the citizen to the taxing power, and unless the right to impose the tax or the construction of the statute under which it is imposed is called in question, or necessarily passed upon in the trial court, no appeal lies to this court from the judgment of the trial court imposing a tax, if the aggregate amount of the tax imposed is less than three hundred dollars.

Error to a judgment of the Circuit Court of Elizabeth City county, on an application to correct an erroneous assessment of taxes. Application refused.

*Dismissed.*

The opinion states the case.

*Jones & Woodward,* for the plaintiff in error.

*Attorney-General Wm. A. Anderson* and *B. A. Lewis,* for the defendants in error.

Cardwell, J., delivered the opinion of the court.

The writ of error in this case was allowed to a judgment of the circuit court of Elizabeth City county, dismissing an application of the plaintiff in error to correct an alleged erroneous assessment of taxes on personal property.

Plaintiff in error's testator was a resident of Elizabeth City county, and died possessed of property, real and personal, aggregating in value the sum of $38,500. Of that amount the sums of $1,000, $12,000 and $3,000 were the value of realty, the residue being personal property, consisting of household furniture valued at $1,000, · Kecoughtan Dry Goods Co., $10,000, an undivided one-fourth interest in the Powhatan Oyster Co., $10,000, and a chose in action, $1,500.

The examiner of records for the judicial circuit including Elizabeth City county, finding recorded in the county clerk's office the appraisement of the estate of plaintiff in error's testator, communicated with plaintiff in error several times through the mail, but received no answer from her as to the cash value of the personal property and income subject to taxation, held by her on February 1, 1906, in her capacity as executrix. He did receive, however, from her counsel information as to what personalty the executrix held which was liable to taxation, as follows:

"Your postal about Capt. Geo. Schermerhorn's estate is rec'd. Mrs. S., the executrix, is out of town and has been for some time. I have taken up the matter, however, and report that on the 1st of February, 1906, the estate of Geo. Schermerhorn was worth $14,500. The whole appraisement, including real estate, was $38,500. The personal estate was appraised at $22,500. But the Kecoughtan Dry Goods Co. had been closed out at a heavy loss, and, in fact, on the 1st of February, 1906, there was not on hand more than $2,000. So that $14,500 was the full value of the personal estate 1st February, 1906."

Upon the receipt of this communication, the examiner of records reported to the commissioner of the revenue for the county of Elizabeth City that the estate of plaintiff in error's testator was assessable for state and county taxes on $14,500, the value of the personal property as of February 1, 1906, and accordingly the commissioner of the revenue assessed this per-

sonal property for state and county purposes on his books for the ensuing tax year; whereupon this proceeding was instituted for the purpose of correcting the assessment, upon the ground that the estate was not liable for such taxes on the property known as the Kecoughtan Dry Goods Co., or the interest of testator in the Powhatan Oyster Co., because the interest in the dry goods business was not assessable with state taxes under the revenue laws of the state, nor the interest in the Powhatan Oyster Co. liable for the tax assessed, but taxable only under what is known as the oyster laws. In other words, the contention is that the taxes complained of were erroneously assessed, or that it was in effect double taxation. But, confessedly, the amount of the taxes assessed and sought to be corrected did not aggregate the sum of $300, which is the jurisdictional limit of this court.

Plaintiff in error simply claims that the assessment of the interest of the testator in the Kecoughtan Dry Goods Co. and in the Powhatan Oyster Co. for state or county taxation is erroneous or excessive. This appears from the notice itself by which this proceeding was instituted, in which the only ground relied upon by plaintiff in error for a correction of the assessment, or for relief from the payment of the taxes is that the estate of her testator is assessed for taxation with $14,500 of personal property, whereas it should only be assessed with $2,500.

Unless the right to impose the tax, or the construction of the statute under which it is imposed, was called in question, or necessarily passed upon by the court below, it would seem clear that this court is without jurisdiction, as the aggregate amount of the taxes and levies involved is less than $300. *Hulvey* v. *Roberts,* 106 Va. 185, 55 S. E. 585.

The provision of the constitution limiting the jurisdiction of this court in civil cases is as follows:

"The court shall not have jurisdiction in civil cases where

the matter in controversy, exclusive of costs and interest, accrued since the judgment of the court below, is less in value or amount than $300, except in controversies concerning * * * the right of the state, county or municipal corporation to levy tolls or taxes, involving the construction of any statute, ordinance or county proceedings imposing taxes."

It has been repeatedly held by this court that a tax is nothing more than a debt due by the citizen to the taxing power, for which an action of debt will lie to recover it.

The constitutional provision conferring jurisdiction upon this court is in no essential particular different from the one in force when the case of *Neal* v. *Com'th,* 21 Gratt. 511, was decided, where it was held that the right to levy tolls or taxes is a prerequisite to the jurisdiction of this court. In that case Neal was assessed with a double tax for failure to take out a license as a commission merchant, and he applied to the corporation court of Danville to be relieved from the tax, on the ground that he was not bound to take out such license. The amount of the tax was less than the jurisdictional limit of this court ($500), and the lower court refused to relieve Neal from the tax. On appeal, this court held that the appeal did not lie and dismissed it, because the amount in controversy was less than $500. In the opinion by Moncure, P., after deciding that it was a civil and not a criminal case, he quoted from the constitution and held that the case did not come within any of the exceptions named in the provision, declaring in effect that it was too plain for argument that the constitutional provision "concerning the right of a corporation or of a county to levy tolls or taxes" does not confer jurisdiction in such cases, and dismissed the appeal.

We are unable to see that that case is different in its material facts, as is contended by plaintiff in error, from the case at bar. Nor are we able to appreciate the force of the contention of counsel that this case is controlled by that of *Prince George*

*County* v. *A. M. & O. R. Co.,* 87 Va. 283, 12 S. E. 667, for the plain reason that in the latter case the right of the county to levy the tax in question was directly involved and decided in the lower court.

The question as to the uniformity of the tax, as required by section 168 of the constitution, is in no way involved, as the tax from which relief is prayed was levied and is to be collected under the general revenue laws of the state.

In *Florance* v. *Morien,* 98 Va. 26, 34 S. E. 890, it was held that the right to subject land to a lien thereon for taxes is not a controversy concerning the title to the land, and if the decree for such taxes amounts to less than $500, no appeal can be had therefrom to this court, as the controversy was over the amount of the tax levied and not the right to subject the land to the lien thereof.

In *Miller* v. *Navigation Co.,* 32 W. Va. 46, 9 S. E. 57, the navigation company was authorized by its charter to levy tolls upon persons using a river which had been improved by it. An action of assumpsit was instituted by the company against Miller for tolls alleged to be due from him for the use of the river, and judgment was entered in favor of the navigation company for $66.00, which was less than the amount necessary to confer jurisdiction upon the supreme court. Upon a hearing of the writ of error awarded to the judgment, it was held that the supreme court had no jurisdiction to review the judgment of the circuit court, although the record showed that the real defense to the action was that the condition of the river was such that the plaintiff had no right to levy the tolls for which the judgment was recovered.

In this case, as has been remarked, the notice of motion to have corrected the assessment and levy of the tax in question does not, nor does any other pleading in the cause, put in issue the right of the state or county to make the assessment or levy, nor was that question necessarily involved and passed upon at

the hearing, when the judgment complained of was rendered. Therefore, this court is without jurisdiction to review the judgment, and the writ of error awarded thereto must be dismissed as improvidently awarded.

*Writ dismissed.*