# Wytheville

ANNIE M. DEARING, EXECUTRIX, ETC. v. FRANK WALTER, ET ALS.

June 8, 1942.

Record No. 2493.

Present, Campbell, C. J., and Holt, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Burnett Miller, Jr.*, and *James W. Fletcher*, for the appellant.

*R. A. McIntyre*, for the appellees.

SPRATLEY, J., delivered the opinion of the court.

This is an appeal from a final decree in a chancery suit instituted by Frank Walter, et als., appellees, against Annie M. Dearing in her own right and as executrix, under the will of Joseph C. Walter, deceased, et als., appellants, refusing to allow commissions to Annie M. Dearing as such executrix.

This cause, upon different issues, has already been before this court under the title of *Dearing v. Walter*, 175 Va. 555, 9 S. E. (2d) 336. The facts contained in the former record are material in the present case and are referred to for pertinent matters.

Joseph C. Walter departed this life testate on February 28, 1928. Annie M. Dearing was named as his executrix and she qualified as such on March 5, 1928. The testator's will after directing the payment of his debts and his funeral expenses, and the erection of a suitable tombstone to his memory, authorized the executrix to convert his real and personal property into cash and pay four specified legacies. The rest and residue of his estate he divided equally between appellants and appellees, subject to the dower rights of his wife if she survived him.

The executrix immediately entered into the possession of the estate. For more than two years after her qualification she failed to file before the commissioner of accounts any statement of her receipts and disbursements in connection with Walter's estate. On May 19, 1930, appellees filed their

bill of complaint in which they charged that the estate was not being properly administered by the executrix and prayed that it be administered under the supervision of the court.

On July 25, 1930, Annie M. Dearing in her own right and as executrix, W. G. Dearing, and the other defendants filed their joint and separate answers denying the allegations of the bill. Thereafter on July 30, 1930, the executrix filed a statement of her receipts from the sale of personal property and an incomplete statement purporting to show the status of her account with the estate.

The cause was promptly referred to a commissioner for an accounting of the estate of the testator, Joseph C. Walter, and a statement of the accounts of the executrix in connection therewith.

Depositions were taken and the cause was so delayed from time to time, for one reason or another, that the commissioner was unable to make his report until November 12, 1938.

The trial court, on May 17, 1939, approved the report of the commissioner disallowing a claim of W. G. Dearing against the estate for $2875 and certain other claims against the estate in favor of Annie M. Dearing personally. The objections to the last mentioned claims were that they were barred by the statute of limitations or were within the statute of frauds. From this decision Annie M. Dearing, in her own right and as executrix, appealed to this court without avail.

The commissioner in his report requested the trial court to instruct him whether he should allow the executrix any commissions in the settlement of her accounts, in view of the disregard of her duties and her failure to comply with the statutes relating to fiduciaries. The trial court thereafter, on March 21, 1941, held, in the decree herein appealed from, that the clear evidence in the record showed that the executrix was hostile to the best interests of the estate and had failed to discharge her duties as required by law, and had, "therefore, forfeited all rights to any commissions as such executrix."

Executors and administrators must perform the duties of their office with the highest fidelity and with the utmost

good faith and loyalty to the estate in their charge. They are entitled to compensation only when they have faithfully discharged their trust. Compensation is based upon service rendered by the fiduciary in behalf of the trust. *Cannon* v. *Searles*, 150 Va. 738, 143 S. E. 495.

In Virginia, fiduciaries are required within four months after selling any property to return to the commissioner of accounts an account of such sale. Virginia Code, 1936, section 5404. They must also, within six months after the expiration of any fiduciary year, annually return a statement of receipts and disbursements to the commissioner. Virginia Code, 1936, section 5409.

"If any such fiduciary wholly fail to lay before such commissioner a statement of receipts for any year, within six months after its expiration, and though a statement be laid before the commissioner, yet if such fiduciary be found chargeable for that year with any money, not embraced in the said statement, he shall have no compensation for his services during said year, nor commission on such money, unless allowed by the court. * * *" Virginia Code, 1936, section 5409.

The above statute does not create an absolute forfeiture of commissions. They may be allowed or refused in the discretion of the court, a discretion to be reasonably exercised under the circumstances of each case. *Trevelyan's Adm'r* v. *Lofft*, 83 Va. 141, 1 S. E. 901.

The record in the appeal heretofore before us (*Dearing* v. *Walter, supra*) is sufficient to show the hostile attitude of Annie M. Dearing, executrix, towards the estate in her hands for administration. She sought to establish an invalid claim of her brother against the estate in the sum of $2875. She made false representations to the trial court of the receipt of money from her brother in order to secure authority to deliver to him a deed for property of the estate. She attempted to collect personal claims outlawed by the statute of limitations and to secure personal credit for other claims barred by the statute of frauds. As executrix she appealed from judgments and decrees favorable to the estate.

In addition, she failed to file, within the time provided by the statute, statements of her receipts and disbursements

as executrix, and has given no reasonable excuse for the delay. Her delinquincies necessitated the institution of these proceedings, and the unreasonable delay in concluding the suit is due, in a large measure, to her continued delinquences and disregard for her duties. The estate should have been settled many years ago.

The able, learned, and experienced trial judge for the period of eleven years, during which these proceedings were before him, had ample opportunity to observe the actions and conduct of the appellant as above set out. The whole record supports the conclusion that he reasonably exercised his discretion, under the circumstances of this case, in denying commissions to the executrix.

We find no error in the decree appealed from and it is affirmed.

*Affirmed.*