# Richmond

CARROLL FRANKLIN JOHNSTON, AN INFANT, ET AL. V.
W. F. JOHNSTON, ET ALS.

April 26, 1943.

Record No. 2646.

Present, All the Justices.

The opinion states the case.

*Robert A. McIntyre* and *Harry F. Kennedy*, for the appellants.

*Walter H. Robertson, Wallace N. Tiffany* and *Weaver, Armstrong & Marshall,* for the appellees.

GREGORY, J., delivered the opinion of the court.

Carroll Franklin Johnston, an infant, instituted a suit in chancery by his mother, Rebecca L. German, in which she, in her own right, joined as complainant, against W. F. Johnston, and others.

The cause of action was set forth in the several allegations in the bill of complaint. The purpose of the bill was to establish that Rebecca L. German, the mother of the infant complainant, was the common law wife of Allen Manley Johnston and he, the said infant, their legitimate child. It was alleged that Allen Manley Johnston had departed this life testate and in his will devised and bequeathed his property to his son, the infant complainant, after making provision for his common law wife; that the private papers of Allen Manley Johnston passed into the hands of the defendants who assumed to be his heirs and the said will has not been produced. It was also alleged that the infant complainant was the sole heir, distributee and devisee of his father, Allen Manley Johnston, and entitled to his entire estate, subject only to the marital rights of his mother. The prayer of the bill was to establish and quiet the title to the property in the infant complainant.

An answer denying the allegations of the bill was filed on behalf of the defendants, and the complainants partially completed their depositions. Before there was any consideration by the court of the allegations set forth in the bill of complaint or of the averments of the answer of the defendants, and before the depositions were completed or those which had been taken were considered, the complainants tendered an amended bill of complaint in which it was alleged that Allen Manley Johnston agreed to "give his little boy a good education and go through the high school and he wanted him to have what he had when he died". Specific performance of this alleged agreement was requested.

A demurrer was interposed to the amended bill. A plea was also tendered. After a hearing on the amended bill and the demurrer, the court sustained the demurrer and by the decree, from which this appeal was allowed, dismissed the amended bill.

No action whatever has been taken with respect to the cause of action set forth in the original bill. Its allegations, which were denied in the answer of the defendants, have not been determined by the chancellor. The controlling issue made by the original bill and the answer was whether Allen Manley Johnston and Rebecca L. German were husband and wife and whether the infant complainant was their lawful child. This issue not having been determined by the chancellor, and the depositions on this issue not having been completed, this court in the exercise of its appellate jurisdiction has no power to consider it. A cause must be decided by the lower court as a condition precedent to the attaching of the appellate jurisdiction of this court.

Appellate jurisdiction presupposes either a final decree or an adjudication of the principles of a cause. The latter may be interlocutory. But in the cause under consideration we have no appealable decree. The decree we are supposed to review is not final. It makes no disposition of the original cause of action. Whether the questioned decree is affirmed or reversed, there would still remain undecided the main issue in the cause. Until a final decree, or one adjudicating the principles of the cause, is properly brought before this court, it is without power to exert its appellate jurisdiction. See Code Section 6336 (Michie 1942).

The decree being unappealable, the appeal heretofore granted must be dismissed. Whether the demurrer to the amended bill should have been sustained is not at this time decided. This action will leave the parties free to prosecute and defend their respective rights just as though the present improvident appeal had never been granted.

*Dismissed.*