## Richmond

Virginia Mae Dove, Et Al. v. S. D. May, Commissioner, Etc.

April 25, 1960.

Record No. 5101.

Present, All the Justices.

The opinion states the case.

*William M. Kabler* (*Robert W. Brown*, on brief), for the appellants.

*Francis C. Lee, Assistant Attorney General* (*A. S. Harrison, Jr., Attorney General; M. Ray Johnston, Assistant Attorney General,* on brief; and *Edward D. Gasson; Jesse, Phillips, Klinge & Kendrick*), for the appellee.

Snead, J., delivered the opinion of the court.

S. D. May, State Highway Commissioner, appellee, instituted eminent domain proceedings against Virginia Mae Dove and a number of other interested persons, appellants, in which he alleged it was necessary to acquire in fee simple a strip of land through certain property in Fairfax county for highway purposes in connection with Route 413, a "Limited Access Highway", which property had been devised to Virginia Mae Dove and her children by Norma Virginia

Talbert. Included in the parcel to be condemned is a private cemetery. The Commissioner, among other things, prayed for the court's consent to remove the bodies from the cemetery and reinter them elsewhere.

In their answers to the petition, appellants stated that in the deeds forming the chain of title to the property the cemetery was dedicated and reserved as a family burial ground for members of the Talbert family with right of ingress and egress; that approximately 24 members of the family and an unknown number of slaves had been buried there since it was established in 1827; that it is in current use and well kept, and that many members of the family look to the burial ground as their last resting place. They also averred that the public interest does not require the removal and desecration of the burial ground, and that the road could be constructed without disturbing it.

The infant defendants, by their guardian *ad litem*, demurred to the petition on the grounds that it was not brought under the statutory procedure for removing a grave yard (§ 57-39, Code 1950, as amended); that it did not allege the statutory grounds or standards therefor, and that petitioner was not a proper party under the statute. After hearing argument, the court by its order of April 27, 1959, overruled the demurrer and decided "that the determination of the State Highway Commissioner that it is necessary to acquire a right of way through the cemetery * * * and to move the graves to some suitable location is binding on the Court and that Petitioner is entitled to acquire the site of the cemetery and to remove the graves to some suitable location at the expense of Petitioner." The entry of this order is the basis for this appeal.

The sole question presented by the assignments of error is whether the State Highway Commissioner, in the exercise of his eminent domain powers to determine the necessity and expediency of the taking of property for public use, has the power to acquire and relocate a cemetery and use the land for highway purposes without judicial review.

On the record, however, we are confronted with another question which we must first decide. Is the order appealed from a final order and, therefore, appealable?

Eminent domain proceedings are on the common law side of the court. Section 33-66, Code 1950, provides:

"Either party may apply for a writ of error to the Supreme Court

of Appeals as in other cases at law and a supersedeas may be granted in such cases in the same manner as now provided by law in cases other than cases of appeals of right."

The order, as stated above, adjudicated two things. It overruled the demurrer and adjudged that the determination of the Commissioner that it is necessary to acquire the cemetery and move the graves to a suitable location was binding on the court and therefore the Commissioner had the right to acquire the cemetery and remove the graves at the expense of the Highway Department. The order recited: "As to the matters and things determined by the court in this order the same is to be deemed a final order from which an appeal can be taken." Although it is alleged in the petition that the Commissioner had filed with the clerk of the Circuit Court of Fairfax county a certificate issued by himself and countersigned by the State Treasurer stating that $31,926, or any portion thereof the court may direct, would be paid as provided by Article 5, Chapter 1 of Title 33, Code 1950, as amended, which vested title to the land in the Commonwealth, yet there are other essential steps to be taken in the proceeding before it is concluded. Among them, commissioners are to be appointed to view the property, hear testimony, ascertain and report what will be a just compensation for the land taken and damages, if any, to the residue. Exceptions may be filed by either or both petitioner and defendants to the report, and if filed, their merits must be determined by the court. Moreover, petitioner asked that the court direct all necessary inquiries be taken by a commissioner of the court to determine what persons are entitled to the award, and the record does not show this has been done. Thus we see the order in question does not dispose of the case.

In 6 M. J., Eminent Domain, § 94, pp. 783, 784, it is said:

"If the statute on condemnation proceedings does not declare that the judgment shall be final, the judgment of the inferior court must stand as all other judgments, and the aggrieved party is entitled to the benefit of the general law regulating writs of error and supersedeas.

"To be final and, therefore, appealable, orders in condemnation proceedings must adjudge the right to appropriate to public use, ascertain and fix compensation upon the report of the commissioners and accept payment thereof by the petitioner. Prior to the entry of such orders and payment of compensation a writ of error and supersedeas will not lie, and if granted will be dismissed as improvidently

awarded. Thus, an order adjudicating the rights of the applicant to take the land and appointing commissioners to ascertain what will be just compensation and damages to the landowner is not a final order to which a writ of error will lie. But an order adjudicating the right to condemn and appointing commissioners to assess compensation, and an order filing the report of the commissioners and allowing the money to be paid into court, which is done, are final so as to give jurisdiction for a writ of error and supersedeas where the right to take is in controversy, but not where the only question is the amount of compensation."

In *Ludlow* v. *City of Norfolk*, 87 Va. 319, 12 S. E. 612, the city of Norfolk instituted eminent domain proceedings against John K. Ludlow and others to acquire certain lands in the city for public grounds. Defendants moved to quash the petition and proceedings upon the ground that petitioner had no authority to condemn the property for the purpose of establishing and maintaining public grounds. Over the objection of defendants, the court overruled the motion and appointed commissioners to fix a just compensation for the lands proposed to be taken. Whereupon defendants were awarded a writ of error and supersedeas to this judgment. The court held that the order appealed from was interlocutory, not final and appealable, and that the writ of error was improvidently awarded. See also *Postal Tel. Cable Co.* v. *N. & W. R. R. Co.*, 87 Va. 349, 12 S. E. 613; *Richmond, F. & P. R. R. Co.* v. *Johnson*, 99 Va. 282, 284, 38 S. E. 195.

Our conclusion is that the order appealed from is not a final order, and is, therefore, not appealable. That being the case, the writ of error is dismissed as having been improvidently awarded.

*Dismissed.*