PRESENT:  All the Justices

COMCAST OF CHESTERFIELD COUNTY, INC.
                                           OPINION BY
v.    Record No. 080946        JUSTICE CYNTHIA D. KINSER
                                      February 27, 2009
BOARD OF SUPERVISORS OF CHESTERFIELD COUNTY

          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                   Herbert C. Gill, Jr., Judge


     This appeal involves a dispute between the Board of

Supervisors of Chesterfield County (County) and Comcast of

Chesterfield County, Inc. (Comcast) concerning the County's

classification of certain personal property used by Comcast in

its cable television business as tangible personal property

pursuant to Code § 58.1-1101(A)(2a).  The issue before the

circuit court was whether the contested property falls under the

"machines and tools" exception to the statutory classification

of personal property used in cable television businesses as

intangible, and is thereby taxable by the County.

     The County, however, asks this Court to dismiss the appeal

as improvidently granted because the circuit court's order from

which Comcast noted its appeal is not a final order and, thus,

is not an appealable order.  Because we agree with the County,

we conclude the Court does not have jurisdiction to decide the

merits of the appeal.  Thus, we will dismiss the appeal without

prejudice as improvidently granted.

1

I. MATERIAL FACTS AND PROCEEDINGS

The County's Office of the Commissioner of the Revenue (Commissioner) conducted an audit to determine which items of Comcast's personal property used in its cable television business is taxable by the County. Upon completion of the audit, the Commissioner sent Comcast supplemental tax assessments for tax years 2003 through 2006. In a letter dated May 2, 2006 accompanying the supplemental tax assessments, a Deputy Commissioner explained, "[t]he property that is not taxable and has been identified as intangible personal property and exempt from local taxation is tuners, converters, amplifiers, power supplies, and radios."[1]

Comcast paid the supplemental personal property taxes but requested the Commissioner to classify electronics and modems as intangible personal property. In response, the Commissioner decided "electronics, modems, and converters are machines or equipment that is taxable as tangible personal property [and] have not been statutorily defined as intangible personal property." As a result of the Commissioner's determination, the

_____

[1] The Commissioner apparently conducted what is referred to as a "statutory assessment" pursuant to Code §§ 58.1-3519 and -3903, using the best available information, because Comcast had not responded to previous requests to produce an itemized list of personal property. In the May 2, 2006 letter, the Deputy Commissioner stated that the County had "requested several times detailed asset information to include description, date of acquisition, and purchase cost for each item of property."

2

County issued a second supplemental assessment for personal property taxes on Comcast's converters. Comcast also paid these additional taxes.

Pursuant to Code § 58.1-3984, Comcast filed a "Complaint For Correction Of Erroneous Assessments" for tax years 2003 through 2006, alleging: (1) the County had no legal authority to tax Comcast's "plant electronics" and "customer premises equipment"[2] because they are classified as intangible personal property under Code § 58.1-1101(A)(2a), thereby rendering the assessments "illegal and invalid" (Counts 1 through 8); and (2) the taxes assessed on certain property had already been paid (Counts 9 and 10).[3] In its complaint, Comcast did not challenge the County's methodology in determining the value of the contested personal property or the actual valuation placed on the property.

Instead, Comcast challenged the legal authority of the County to tax the contested business personal property and requested a refund of the amounts paid by Comcast for the County's assessment of its "plant electronics" and "customer

[2] Comcast separates the contested property into two categories, "plant electronics" and "customer premises equipment." "Plant electronics" include amplifiers, power supplies, receiver/transmitter pairs, and taps. "Customer premises equipment" includes converters, remote controls, and cable modems.

[3] Comcast subsequently nonsuited counts 9 and 10.

premises equipment."  The County in large part denied Comcast's allegations.

As the case proceeded, the County served interrogatories and requests for production of documents asking Comcast, among other things, to "separately identify [for the tax years 2003 through 2006] each and every individual component or item of tangible personal or business property owned by Comcast with situs in Chesterfield County" that falls within Comcast's categories of property referred to in its complaint.  Because the County believed Comcast did not adequately respond to its discovery requests, the County filed a motion to compel under Rule 4:12, requesting the circuit court to order Comcast "to produce the records and information it is required to produce pursuant to . . . Code §§ 58.1-3518 and -3983.1(K) and the County's discovery requests."

At a hearing on its motion to compel, the County argued that the motion should be granted because in every erroneous tax assessment case filed under Code § 58.1-3984, the provisions of Code § 58.1-3987 require the circuit court to determine the correct assessed value of the property.  Continuing, the County argued that the information sought in its discovery requests is necessary for the circuit court to make that determination and the motion therefore should be granted.

4

Comcast took the position that, since it did not challenge the County's valuation of the contested property, the circuit court was limited to the issue presented in its complaint concerning the authority of the County to tax the contested property. Comcast conceded the valuation placed upon the contested property by the County was correct; therefore, Comcast argued, the issue of valuation, and thus the information requested, was irrelevant.

At the conclusion of this hearing, the circuit court took the motion to compel under advisement and "bifurcated" the proceeding into the classification issue and the valuation issue, which included the motion to compel and the relevancy of the information requested in the County's discovery requests. The circuit court recognized that if it decided the contested property was not taxable by the County, then the valuation issue would be irrelevant and any information demanded in the motion to compel would likewise be irrelevant.

At a subsequent hearing before the circuit court on the classification issue, the question whether Comcast's "plant electronics" and "customer premises equipment" are taxable by the County under Code § 58.1-1101(A)(2a) turned on the definition of the term "machines" under the "machines and tools" exception contained in the statute. The County urged the circuit court to define "machines" as "[m]echanically,

5

electrically, or electronically-operated device[s] for performing a task," or "any system or device, such as an electronic computer, that performs or assists in the performance of a human task."  The County argued that the definition of "machines" should be ascertained with reference to the provisions of Code § 58.1-1101(A)(2a) since the statute refers to personal property used in the cable television business.

In response, Comcast argued that Code § 58.1-1101(A)(2a) must be narrowly construed in favor of the taxpayer and that the broad definition urged by the County "would leave virtually none of Comcast's property outside of the exception."  Accordingly, Comcast argued that the definition of "machines" should include only "device[s] consisting of fixed and moving parts that modifies mechanical energy and transmits it in a more useable form."

In a letter opinion, the circuit court concluded the business personal property at issue is subject to taxation by the County.  In an order dated February 15, 2008, the circuit court ruled that

> the items of property at issue are "machines" under the plain meaning of that word and are, therefore, items of property properly classified as business tangible personal property under [Code § 58.1-1101(A)(2a)].

At a hearing before the circuit court to discuss the language of the above order, the parties returned to the motion to compel that the court had previously taken under advisement. The County asserted that based on the circuit court's decision regarding the classification issue, the court should grant the motion to compel so that the question of valuation could be decided. Comcast argued, as it had previously, that the information sought by the County in its discovery requests was irrelevant and the February 15, 2008 order resolved all of the issues raised in Comcast's complaint.

The circuit court again took the motion to compel under advisement and requested the parties to submit briefs on the question whether it was still necessary for the court to determine the assessed value of the contested property. On February 25, 2008, Comcast filed a notice of appeal from the circuit court's order of February 15, 2008. In the notice, Comcast stated the circuit court's order, "which construes [Code § 58.1-1101(A)(2a)] as imposing taxes on certain Comcast property, may be immediately appealed pursuant to . . . Code §§ 8.01-670(1)(f) and (g)."

## II. ANALYSIS

The County challenges the Court's jurisdiction to hear this appeal and moves to dismiss the appeal as improvidently granted. "[T]he question of jurisdiction is one for the determination of

7

the appellate court only.  Before the merits of this case can be considered, this [C]ourt must determine whether it has jurisdiction."  Madison v. Kroger Grocery & Bakery Co., 160 Va. 303, 306, 168 S.E. 353, 354 (1933); see also Todd v. Gallego Mills Mfg. Co., 84 Va. 586, 598, 5 S.E. 676, 681 (1888).

"While by statute an appeal may be taken from certain interlocutory orders as well as from final decrees, a writ of error does not lie except where there has been a final order or judgment in the cause."  Hatke v. Globe Indem. Co., 167 Va. 184, 188, 188 S.E. 164, 166 (1936) (internal quotation marks omitted).  See also Johnston v. Johnston, 181 Va. 357, 359, 25 S.E.2d 274, 275 (1943) ("Appellate jurisdiction presupposes either a final decree or an adjudication of the principles of a cause.  The latter may be interlocutory. . . . Until a final decree, or one adjudicating the principles of the cause, is properly brought before this [C]ourt, it is without power to exert its appellate jurisdiction."); Elder v. Harris, 75 Va. 68, 71 (1880) ("Only in a case in chancery is a party authorized to appeal from a decree or order which is not final, and then only from such decree or order as is described in the foregoing [jurisdictional statute].").[4]  Thus, for the Court to have

_____

[4] The jurisdictional statute in Elder authorized interlocutory appeals under substantially the same circumstances as those set forth in current Code § 8.01-670(B).

8

jurisdiction of this appeal, the order from which Comcast appealed must be either a final order or an interlocutory order from which an appeal is statutorily authorized.[5]

## A. Final Order

The County asserts the February 15, 2008 order is not a final order.  Reiterating the position it took in the circuit court, the County argues that the provisions of Code § 58.1-3987 require a trial court, when deciding an erroneous tax assessment action, to determine the correct assessed value of a taxpayer's property.  Thus, the County argues "the circuit court has yet to perform its duty under § 58.1-3987 to determine what property Comcast actually owned during each of the 2003-2006 tax years, decide what the fair market value of that property is and assess the proper tax."

Comcast, on the other hand, reasserts its position that the circuit court had no power to decide the valuation issue because Comcast only challenged the validity of the County's classification of the contested property in its complaint. Continuing, Comcast argues that because the February 15, 2008

---

[5] The "severable interest rule" allowing the appeal of an interlocutory order in certain circumstances is not applicable to the case at bar.  See Thompson v. Skate America, Inc., 261 Va. 121, 127, 540 S.E.2d 123, 126 (2001) ("An interlocutory order which is final as to some but not all parties may in some circumstances be appealed before the case is concluded as to all defendants under the severable interests rule.").

order disposed of that issue, the order is final and thus appealable.

> We have described a final order as one

> which disposes of the whole subject[,] gives all the relief that is contemplated, and leaves nothing to be done by the court, is only to be regarded as final. On the other hand, every decree which leaves anything in the cause to be done by the court is interlocutory as between the parties remaining in the court.

Dearing v. Walter, 175 Va. 555, 561, 9 S.E.2d 336, 338 (1940). See also James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002) (a final order is one that " 'disposes of the whole subject, gives all the relief contemplated . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order' ") (quoting Daniels v. Truck & Equipment Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964)); Ragan v. Woodcroft Village Apartments, 255 Va. 322, 327, 497 S.E.2d 740, 743 (1998) ("A final order or judgment is one that disposes of the whole subject of the case and gives all relief contemplated.").

Applying these principles, we hold that the February 15, 2008 order of the circuit court classifying the contested property as "machines" was not a final order. The record clearly reveals matters that remained for the circuit court to

resolve at the time Comcast filed its notice of appeal.[6]  See

Dearing, 175 Va. at 561, 9 S.E.2d at 338.  The circuit court

bifurcated the proceedings in order to decide the classification

issue first, and if necessary, to decide the valuation issue.

When Comcast filed its notice of appeal, the circuit court was

awaiting briefs from the parties in order to assist the court in

deciding whether it should grant the County's motion to compel

and conduct a valuation of Comcast's property.  Clearly, there

was more to be done in this case than to superintend

ministerially the execution of the February 15, 2008 order.  See

James, 263 Va. at 481, 562 S.E.2d at 137.  Therefore, the order

was not a final order.[7]

B. Appealable Interlocutory Order

Since the circuit court's February 15, 2008 order was not a

final order, the remaining question is whether it was

nevertheless appealable as an interlocutory order.  In that

regard, Comcast, quoting Code §§ 8.01-670(A)(1)(f) and (g),

argues that this Court has jurisdiction of its appeal because

---

[6] Additionally, in its notice of appeal, Comcast tacitly conceded that the February 15, 2008 order was not a final order by stating that the order "may be immediately appealed."

[7] We need not decide the County's assertion that Code § 58.1-3987 requires a circuit court in every tax assessment case to determine the correct assessed value of the taxpayer's property.  It is sufficient that the circuit court in this case had not yet ruled on whether it had to do so when Comcast filed its notice of appeal.

the February 15, 2008 order is a " 'judgment in a controversy concerning' . . . '[t]he right of . . . a county . . . to levy . . . taxes' [and regarding] '[t]he construction of [a] statute . . . imposing taxes,' " and "Comcast is a 'taxpayer aggrieved by the action' of the circuit court."  Comcast asserts that Code § 8.01-670(A)(3), in contrast to § 8.01-670(A)(1)(f) and (g), explicitly requires a "final judgment" before appealing "any other civil case."  Thus, according to Comcast, the "General Assembly did not make finality a prerequisite for appeals under" Code §§ 8.01-670(A)(1)(f) and (g).

The County responds that there is no statutory authorization for an interlocutory appeal in an erroneous tax assessment case.  The County asserts "the purpose behind § 8.01-670(A)(1) (formerly § 8-462) was to provide a listing of cases that could be appealed to this Court even if the amount of controversy was less than the jurisdictional minimum in place at the time, not to grant authority for interlocutory appeals."  The County insists that "interlocutory appeals are only available in chancery cases and only in those chancery cases prescribed by statute."  The County contends that, in an action at law, an order must be a final order to be appealable.

The Court agrees with the County that the provisions of Code § 8.01-670(A)(1) set forth the types of controversies that are exempt from the amount in controversy otherwise required for

12

this Court to have appellate jurisdiction over a particular civil case.  The statute does not authorize the appeal of interlocutory orders in those particular controversies.

We begin our analysis by looking at the two relevant statutes, Code §§ 8.01-672 and -670.  The former provides:

> No petition shall be presented for an appeal from any judgment of a circuit court except in cases in which the controversy is for a matter of $500 or more in value or amount, and except in cases in which it is otherwise expressly provided; nor to a judgment of any circuit court when the controversy is for a matter less in value or amount than $500, exclusive of costs, unless there be drawn in question a freehold or franchise or the title or bounds of land, or some other matter not merely pecuniary.

(Emphasis added).

The provisions of Code § 8.01-670 state, in relevant part:

A. Except as provided by § 17.1-405, any person may present a petition for an appeal to the Supreme Court if he believes himself aggrieved:

1. By any judgment in a controversy concerning:

a. The title to or boundaries of land,

b. The condemnation of property,

c. The probate of a will,

d. The appointment or qualification of a personal representative, guardian, conservator, committee, or curator,

e. A mill, roadway, ferry, wharf, or landing,

f. The right of the Commonwealth, or a county, or municipal corporation to levy tolls or taxes, or

g. The construction of any statute, ordinance, or county proceeding imposing taxes; or

2. By the order of a court refusing a writ of quo warranto or by the final judgment on any such writ; or

3. By a final judgment in any other civil case.

B. Except as provided by § 17.1-405, any party may present a petition for an appeal to the Supreme Court in any case on an equitable claim wherein there is an interlocutory decree or order:

1. Granting, dissolving or denying an injunction; or

2. Requiring money to be paid or the possession or title of property to be changed; or

3. Adjudicating the principles of a cause.

While not explicit in the current statutory scheme, this Court's jurisprudence makes it clear that the amount in controversy requirement set forth in Code § 8.01-672 applies "except in cases in which it is otherwise expressly provided," and that the types of controversies listed in Code §§ 8.01-670(A)(1)(a)-(g) are those cases "otherwise expressly provided" as exempt from the amount in controversy requirement. See Hampton Roads Sanitation Dist. Comm'n v. Smith, 193 Va. 371, 374, 68 S.E.2d 497, 499 (1952) (recognizing that former Code § 8-462, now Code § 8.01-670, enumerated the cases excepted from the amount in controversy requirement set forth in former Code § 8-464, now Code § 8.01-672, including those involving "[t]he right of the State, or a county, or municipal corporation to levy tolls or taxes" (emphasis omitted)); Schermerhorn v. Commonwealth, 107 Va. 707, 709-10, 60 S.E. 65, 66 (1908) (noting

14

the constitutional provision limiting this Court's jurisdiction allows an exception to the amount in controversy requirement for "controversies concerning . . . the right of the state, county or municipal corporation to levy tolls or taxes, [or] involving the construction of any statute, ordinance or county proceedings imposing taxes"); see also Pannill v. Coles, 81 Va. 380, 383 (1886) (" 'It (the Supreme Court of Appeals) shall not have jurisdiction in civil cases where the amount in controversy, exclusive of costs, is less in value or amount than five hundred dollars, except in controversies concerning the title or boundaries of land, the probate of a will,' &c., setting forth other exceptions." (quoting former Va. Const. art. VI, § 2 (1870)); Neal v. Commonwealth, 62 Va. (21 Gratt.) 511, 515 (1871) ("[T]his court shall not have appellate 'jurisdiction, in civil cases, where the matter in controversy, exclusive of costs, is less in value or amount than five hundred dollars, except in controversies concerning the title or boundaries of land, the probate of a will, the appointment or qualification of a personal representative, guardian, committee, or curator; or concerning a mill, road-way, ferry, or landing, or the right of a corporation or of a county to levy tolls, or taxes, and except in cases of habeas corpus, mandamus, and prohibition, or the constitutionality of a law.' " (quoting former Va. Const. art. VI, § 2 (1870)).

In a case involving the operation of a ferry service, this Court found the order at issue was final and appealable under former Code § 8-462(1)(a)(v), which is substantially similar to current Code § 8.01-670(A)(1)(e).  New York, Philadelphia and Norfolk R.R. Ferry Co. v. County of Northampton, 196 Va. 412, 420-21, 83 S.E.2d 773, 778 (1954).  There, the County of Northampton moved to dismiss the appeal, claiming that "none of the orders entered by the trial court was final, and for that reason was not appealable."  Id. at 420, 83 S.E.2d at 778.  The Court held that the

> order denying the Railroad Ferry Company's prayer was final for it disposed of the whole subject-matter then before the court.  Hence, the order was reviewable under Code, section 8-462(1), which reads: "Any person who thinks himself aggrieved: (a) By any judgment, decree, or order in a controversy concerning, . . . (v) A mill, roadway, ferry, wharf, or landing . . .," may present a petition for a writ of error.

Id. at 420-21, 83 S.E.2d at 778 (citation omitted).  Certainly, the Court would not have needed to determine if the order appealed from was final if a final order was not required for an appeal under that Code section.

In Smiley v. The Provident Life & Trust Co., 106 Va. 787, 790, 56 S.E. 728, 729 (1907), the petitioners argued that, prior to being amended, former Code § 3454 did not require a final order " 'in a controversy concerning the probate of a will or the appointment or qualification of a personal representative,

16

guardian, curator or committee, or concerning a mill, roadway, ferry, wharf or landing,' before there could be an appeal or writ of error." Id. (quoting former Code § 3454, now Code § 8.01-670(A)(1)). The petitioners further argued that an amendment placed " 'controversies concerning the title to or boundaries of land' " in the same class of controversies, and therefore, no final order was required for a writ of error to lie in an action of ejectment. Id. (quoting former Code § 3454, now Code § 8.01-670(A)(1)).

The Court rejected the argument that a final order was not required for a writ of error to lie in the controversies listed in former Code § 3454. Id. at 790-91, 56 S.E. at 729-30. The Court stated:

> If it were true that prior to the amendment of section 3454 an appeal or writ of error did lie from or to an order or judgment in that class of cases, although there had been no final judgment in the cause, the contention of the petitioners for the rehearing would be clearly right. But prior to the amendment an appeal or writ of error did not lie in any case at law until there had been a final order or judgment in the cause. There was a provision in that section that in any case in chancery wherein there is a decree or order dissolving an injunction or requiring money to be paid, or the possession or title of property to be changed or adjudicating the principles of a cause there might be an appeal although no final order or decree had been entered therein. But there was nothing in the section, as construed by this court, which authorized a writ of error in any case at law until there had been a final judgment.

17

Id. at 790-91, 56 S.E. at 729 (internal quotations omitted). See also Dove v. May, 201 Va. 761, 763-64, 113 S.E.2d 840, 841-42 (1960) (holding the order appealed from in a condemnation proceeding was not a final, appealable order).

We note that Code § 8.01-670(B) explicitly authorizes an appeal in cases of equity for an interlocutory decree "[g]ranting, dissolving or denying an injunction," "[r]equiring money to be paid or the possession or title of property to be changed," or "[a]djudicating the principles of a cause." Code § 8.01-670(B). Additionally, the provisions of Code § 8.01-670.1 permit the permissive appeal of interlocutory orders that would not otherwise be appealable when the appellate court determines the required certification by the circuit court has "sufficient merit." Thus, we discern that, when the General Assembly authorizes the appeal of interlocutory orders, it does so in express and unambiguous terms. In the absence of an express authorization in subsection (A)(1) of Code § 8.01-670 allowing appeals of interlocutory orders in the types of controversies listed there, we will not infer such authorization.

We are not persuaded otherwise because the General Assembly used the phrase "final judgment in any other civil case" in Code § 8.01-670(A)(3), but utilized in Code § 8.01-670(A)(1) the phrase "any judgment in a controversy." The term "judgment" is

18

defined as "[a] court's final determination of the rights and obligations of the parties in a case. The term judgment includes an equitable decree and any order from which an appeal lies." Black's Law Dictionary 858 (8th ed. 2004). Thus, the General Assembly's use of the term "judgment" in Code § 8.01-670(A)(1) denotes a requirement of finality.

We therefore hold that Code § 8.01-670(A)(1) does not authorize appeals of interlocutory orders in those types of controversies enumerated in that subsection. To hold otherwise "would allow the appeal of countless interlocutory matters, including orders granting continuances, orders setting trial dates, orders determining venue, and orders providing for bills of particulars or the production of documents. Manifestly, the legislature did not intend such a result." Ragan, 255 Va. at 328, 497 S.E.2d at 743.[8]

### III. CONCLUSION

The order of the circuit court dated February 15, 2008, classifying the contested property as "machines," is not a final

---

[8] This holding is consistent with the Court's treatment of Code § 16.1-106, the statute that provides for a circuit court's de novo review of a judgment rendered by a court not of record. See Ragan, 255 Va. at 327, 497 S.E.2d at 743 ("when Code § 16.1-106 refers to an appeal from 'any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars,' this language provides for an appeal only from final orders or judgments").

order and is not otherwise appealable as an interlocutory order.[9]
Thus, the Court is without jurisdiction of this appeal.  We will
dismiss the appeal without prejudice as improvidently granted.

<u>Dismissed.</u>

---

[9] Comcast asserts that, since Code § 58.1-3992 provides for an appeal to this Court by "[a]ny locality or taxpayer aggrieved by the action of a court of record" regarding the assessment of local taxes, while, in contrast, the parallel provision for appeals regarding taxes assessed by the Commonwealth, § 58.1-1828, allows an appeal from "any <u>final</u> order of the court," (emphasis added), the General Assembly authorized an appeal from the interlocutory order in this case.  This distinction does not alter our conclusion.  Given this Court's longstanding jurisprudence requiring a final order in a case at law, we do not believe the General Assembly, by enacting these statutes, intended to provide an appeal from an interlocutory order in a case involving the assessment of taxes by a locality.